## Mabel M. Morgan v. Charles W. Lowman.

1. ALIMONY—*Where Divorced Husband is Absolved from Burdens of —Vested Rights.*—Where a divorced wife remarries, the divorced husband is absolved from the burdens of a decree requiring him to pay alimony. She has a vested right only in that which has accrued up to the date of the second marriage. It is her privilege to abandon the provision of the decree for her support by entering into marriage with another man, but when she does so the law will require her to abide by her election.

**Scire Facias,** to revive a decree for alimony. Heard in the Circuit Court of Logan County; the Hon. GEORGE W. PATTON, Judge, presiding. Judgment for plaintiff; appeal by plaintiff. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

OSCAR ALLEN, attorney for appellant.

There are various methods to enforce the payment of alimony in arrears (Bishop's Marriage and Divorce, Sec. 498, Vol. 2), and in Illinois scire facias is a proper proceeding. Chestnut v. Chestnut, 77 Ill. 346; Wren v. Moss, 1 Gil. 560; Morton v. Morton, 4 Cush. (Mass.), 518.

Remarriage is ground for application to reduce alimony

after application, but does not stop it without such application. King v. King, 38 Ohio St. 370; Olney v. Watts, 43 Ohio St. 499; Sammis v. Medbury, 14 R. I. 214; Stillman v. Stillman, 99 Ill. 197.

In England decree for alimony is only while wife is single, but it is not so in this country, nor would such remarriage generally be available even in an application for reduction. Bishop's Marriage and Divorce, Vol. 2, Sec. 479.

BEACH & HODNETT, attorneys for appellee.

Where the divorced wife again remarries and her second husband supports her from the time of said remarriage, she has no claim on her former husband for support. Stillman v. Stillman, 99 Ill. 196; Storey v. Storey et al., 125 Ill. 608; Bowman v. Worthington, 24 Ark. 522; Fisher v. Fisher, 2 Swabey & Tristain, 411; Albee v. Wyman, 10 Gray (Mass.), 222; Southworth v. Southworth, 47 N. E. Rep. (Mass.) 93.

A decree for alimony is not *res adjudicata*. If facts occur after its rendition which make it proper, the decree should be altered or revised. Craig v. Craig et al., 64 Ill. App. 48; Stillman v. Stillman, 99 Ill. 196; Southworth v. Southworth, 47 N. E. Rep. 93.

MR. JUSTICE HARKER delivered the opinion of the court.

On the 16th of June, 1891, the Circuit Court of Logan County granted appellant a divorce from appellee, and by the terms of the decree required him to pay to her alimony at the rate of $120 per year, payable quarterly. On the 29th of September, 1892, she remarried one James Morgan, who has since then supported her. No part of the alimony having been paid, appellant commenced proceedings by scire facias to revive the decree and compel appellee to pay $850, then claimed to be due under it. Appellee filed a plea setting up that he was released from the terms of the decree by the remarriage of appellant. Upon a hearing the court held she was entitled to alimony to the date of her remarriage and revived the decree to that extent, but held that she was barred from alimony thereafter.

Where a divorced wife remarries, the divorced husband is absolved from the burdens of a decree requiring him to pay alimony. She has a vested right only in that which has accrued up to the date of the second marriage. It is her privilege to abandon the provision which the decree of the court makes for her support by entering into marriage with another man, thereby seeking her support from another direction, but when she does so the law will require her to abide her election. Stillman v. Stillman, 99 Ill. 196; Storey v. Storey et al., 125 Ill. 608; Albee v. Wyman, 10 Gray, 222; Bowman v. Worthington, 24 Ark. 522.

We think the court had full power to revise the decree in the proceeding to revive by scire facias, and it was not indispensable that the party against whom the decree was rendered should have himself instituted proceedings for that purpose. Decree affirmed.