## Rosa C. Thompson, formerly Rosa C. Mentzer, Appellant, v. William A. Mentzer, Appellee.

### Gen. No. 24,681.

1. DIVORCE, § 109*—*right to modify decree for alimony where complainant remarries.* A decree for the payment of alimony entered by consent of the parties may be modified where the complainant remarries.

2. DIVORCE, § 110*—*when decree for alimony is not for gross sum.* A decree requiring a defendant to pay a stipulated amount in cash, with further monthly payments until a minor son arrives at the age of 21 years, is not for a gross sum, and may be modified.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3.  DIVORCE, § 109*—*statutory provision for altering allowance of alimony.*  Section 18 of the Divorce Act (J. & A. ¶ 4233) expressly authorizes the court upon application from time to time to make such alterations in the allowance of alimony as shall appear proper and reasonable.

4.  DIVORCE, § 114*—*subsequent marriage of wife as authorizing husband's release from payment of alimony.*  A subsequent marriage of the divorced wife authorizes the court upon petition to release her divorced husband from further payments of alimony.

5.  DIVORCE, § 114*—*retroactive effect of order releasing husband from monthly payment of alimony for remarriage of wife.*  An order for the payment of alimony may be modified by the court, when it appears that the divorced wife has remarried and thus waived her right to further alimony, by discontinuing further monthly payments, and such order may take effect with reference to a monthly payment although the petition for release was not filed until 20 days after such payment was due.

Appeal from the Superior Court of Cook county; the Hon. HENRY GUERIN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1918.  Affirmed.  Opinion filed February 11, 1920.

CHARLES S. KNUDSON, for appellant.

PINES & NEWMANN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal complainant seeks to reverse an order modifying a decree for the payment of alimony.

The record discloses that on April 12, 1916, complainant, Rosa C. Thompson, formerly Rosa C. Mentzer, obtained a decree of divorce from defendant, William A. Mentzer, on the ground of wilful desertion. By the decree complainant was given custody of their son, who was then 17 years old.  The amount of the alimony to be paid by defendant and the time of payment were by consent of the parties decreed as follows: $5,000 cash, and $30 per month beginning on the 1st

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

day of May, 1916, and the first of each month thereafter during the life of Joseph Arnold, father of complainant, and until the minor son should arrive at the age of 21 years. The alimony was all paid in accordance with the terms of the decree to and including the 1st day of April, 1918. On April 27, 1918, complainant remarried and lived thereafter with her second husband. The following month, May, 20, 1918, defendant filed his petition asking that the decree for the payment of alimony be modified and that he be released from further payment. At that time complainant's father was still living and the son of the parties was not then 21 years old. Subsequent to the decree the minor son, by consent of the parties, left complainant and lived with defendant. An answer was filed and after hearing an order was entered modifying the decree releasing defendant from further payments of alimony.

It is insisted that since the provision of the decree for the payment of alimony was entered by consent of the parties, the court was without power to modify it over complainant's objection. In support of this the cases of *Buck v. Buck*, 60 Ill. 241; *Storey v. Storey*, 125 Ill. 608, and *Miller v. Miller*, 234 Ill. 16, are cited. In the *Buck* case, *supra*, the defendant sought to reverse a decree for the payment of alimony, the amount of which had been mutually agreed upon. There was no attempt to show that the condition of the parties had changed since the entry of the decree, but the appeal was from the decree itself. Manifestly the defendant there was not entitled to have the decree reversed, the provisions of which he had consented to. The question decided in the *Storey* case, was whether, after the death of a former husband, a divorced wife was entitled to receive alimony from his estate. The court held that under a proper construction of the decree she was entitled to the alimony. The *Miller* case was a partition proceeding which involved collaterally

a consent decree fixing the allowance for separate maintenance. We think it clear that none of the authorities cited are applicable to the facts in the instant case.

It is further urged that the modification of the decree was wrong for the reason that the alimony awarded was for a gross sum and that the court was without jurisdiction to modify it at a subsequent term. We think it clear that since the decree provided for monthly payments it cannot be said that the alimony was for a gross sum. Section 18 of the Divorce Act (J. & A. ¶ 4233) expressly authorizes the court upon application from time to time to make such alterations in the allowance of alimony as shall appear proper and reasonable. It has been repeatedly held that a subsequent marriage by the divorced wife authorizes the court upon petition to release her divorced husband from further payments of alimony. *Stillman v. Stillman,* 99 Ill. 196; *Morgan v. Lowman,* 80 Ill. App. 557. By remarrying, complainant voluntarily waived her right to alimony after the date of her remarriage. *Morgan v. Lowman, supra; Stillman v. Stillman, supra.* The court was, therefore, justified in modifying the decree and this, too, without requiring the payment of the instalment due for May, although the petition asking for the release from further payment was not filed until 20 days thereafter. *Barclay v. Barclay,* 184 Ill. 375.

The order of the superior court of Cook county is affirmed.

*Affirmed.*