Rose Miller, Appellant, v. Benjamin F. Miller, Appellee.

Gen. No. 42,246.

Opinion filed January 25, 1943. Rehearing denied February 9, 1943.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago, for appellant; DON M. PEEBLES and KATHERINE H. JOHNSON, both of Chicago, of counsel.

SABATH, EDELMAN & LIGHT, of Chicago, for appellee; JOSEPH EDELMAN, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, Rose Miller, May 8, 1940, obtained a decree of divorce from defendant on the ground that he was guilty of extreme and repeated cruelty. In the decree defendant was ordered to pay plaintiff $15 a week for the support of their minor child (at that time one year old) until she had reached the age of 21. It was further decreed that the parties had entered into an agreement regarding the question "of alimony and adjustment of property rights" between them, a copy of which agreement was attached to and made a part of the decree; that the husband was to pay the wife $175 per month, commencing with the month of March, 1940, to and including the month of September, 1940,

$15 per week of which was for the support of the child, and commencing with the month of October, 1940, to and including the month of September, 1943, the husband was to pay the wife $150 per month, $15 a week of which was for the support of the child. The agreement further provided that "the payments between March, 1940, and up to and including September, 1943, shall not be affected or modified by the remarriage of" the wife. There was a further provision for payments to be made by the husband to the wife on and after October 1, 1943, to the first of October, 1945, but which are not involved here.

The wife remarried May 30, 1941, and June 23, following, defendant filed his petition praying that the decree of divorce be modified so as to relieve him from further payments of alimony from and after the wife's remarriage. She filed her "Supplemental and Alternative Answer" setting up the decree of divorce and the agreement entered into between the parties prior thereto, which was incorporated and made a part of the decree, praying that defendant's petition for an order releasing him "from the payment of the alimony in gross as provided by the Decree of Divorce, be denied." She afterward filed an amendment to the supplemental and alternative answer in which she alleged, among other things that the "alimony in gross for the support of the plaintiff, as provided in said agreement and as provided by the court, was in the total amount of $3,670.00."

Following this, on November 5, 1941, the court entered the order appealed from, in which it is recited that the court considered the petition, the answer as amended, and arguments of counsel, and found that plaintiff had remarried May 30, 1941; that the decree of divorce was "not a decree for 'lump sum' payments in lieu of alimony but a decree for monthly alimony payments." That the defendant had made all payments to and including the month of May, 1941, and

that plaintiff was not entitled to any further payments since her remarriage, as § 18 of the Divorce Statute provided. Ch. 40, § 18, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 109.186].

Section 18 of our statute on Divorce, was amended by the Legislature in 1933. The amendment provided that ''a party shall not be entitled to alimony and maintenance after remarriage.'' In the instant case, defendant was decreed to pay plaintiff $175 per month until September 30, 1940, and thereafter $150 per month until September 30, 1943, ''for alimony and support.'' We think it clear that this was not alimony awarded for a gross sum. *Thompson v. Mentzer,* 216 Ill. App. 470.

The provision of the contract entered into between the parties for alimony became merged in the decree. *Adler v. Adler,* 373 Ill. 361. As said in that case, ''The fact that the decree adopted the terms of the agreement did not destroy or affect the power of the court to alter such provisions when a change of circumstances justified a modification.'' And further: ''Respondent urged that because of the statement in the decree providing her remarriage should not be a cause for modification of the consent decree, the court was deprived of power to subsequently modify it. Grounds for divorce, payment of alimony and modification of the divorce decrees are regulated by statute. A court, when dealing with such matters, is exercising powers granted by the legislature and cannot, by incorporating such a provision in its decree, divest itself of the power to modify contrary to the legislative will.'' And in discussing the amendment to § 18, above quoted, the court said: ''The amendment merely adopted the general rule and made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried, regardless of whether or not there had been a change in the financial condition of the former husband.''

In the instant case, the amendment to § 18 made it mandatory for the court to cancel the alimony payments after the remarriage of the plaintiff; and the provision of the agreement entered into between the parties, which was made a part of the decree and which provided that the remarriage should not affect the monthly payments, was a nullity.

The order of the circuit court of Cook county is affirmed.

*Order affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.