## Verne Hotzfield, Appellant, v. Vera Hotzfield, Appellee.

### Gen. No. 44,308.

Opinion filed December 30, 1948. Released for publication January 18, 1949.

Sol R. Friedman and I. S. Friedman, both of Chicago, for appellant.

Boyle, Morrissey & Wagner, of Chicago, for appellee; Lawrence C. Boyle, of Chicago, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

Petitioner filed his complaint for divorce against respondent, who answered it and also filed her cross-complaint for divorce. After petitioner filed his reply to the cross-complaint the cause was heard, by agreement, on the cross-complaint and reply, and a decree of divorce was entered in favor of respondent. The decree found that the parties had entered into an agreement to settle and adjust their respective property rights, and the agreement was approved by the chancellor. The following is paragraph 1 of the agreement: "The wife shall have in lieu of any alimony a lump sum settlement of One Thousand Eighty ($1080.00) Dollars, payable at the rate of Fifteen ($15.00) Dollars per month commencing with the date of the entry of a decree of divorce in her favor, and other considerations hereinafter contained." After making certain provisions for the support of a minor child the agreement further provides: "5. It is further agreed that the husband will convey to the wife two certain country lots near LaPorte, Indiana, which are now on record in his name. 6. It is further agreed that the husband will upon the entry of a Decree of Divorce, as aforesaid, irrevocably provide in connection with all the life insurance that he possessed at the time of the commencement of the litigation heretofore described, to have the wife and the minor child of the parties named as beneficiaries of said policies with the provision that upon the completion of payments due to the wife in the sum of One

Thousand Eighty ($1080.00) Dollars under the Decree of Divorce that said beneficiary shall then be solely the minor child of said parties; that upon the completion of the said payments of One Thousand Eighty ($1080.00) Dollars, as aforesaid, the wife shall return and deliver to the husband any of said policies of insurance which may be in her possession. 7. The wife agrees to irrevocably cause the minor child of the parties to be named as beneficiary of the $1,000.00 life insurance policy which she now has in the Metropolitan Life Insurance Company." The chancellor ordered, adjudged and decreed, *inter alia*, "(d) That each of the parties comply with the terms of the settlement agreement aforesaid, and that the full compliance by the cross-defendant, Verne Hotzfield, shall bar the cross-plaintiff from any other rights under the marriage and shall be a full lump settlement of all such rights including the right to alimony, dower rights, and any other rights arising out of the marriage." It is admitted that in February, 1945, respondent married Stewart Knickerbocker. Petitioner then filed his petition, in which he alleged that he had paid the sum of $15 per month for alimony in accordance with the decree until February, 1945, when he ceased his payments because respondent had married Stewart Knickerbocker in February, 1945, and he prayed that an order be entered annulling the alimony provision of the said decree and that he be released from all future liability to the defendant for the said $15 per month for alimony. He also prayed for the return of a certain policy of insurance held by respondent to secure the alimony payments under the decree. No evidence was heard and the cause was decided by the chancellor on the pleadings and arguments of counsel. The chancellor entered an order denying the petition for want of equity. Petitioner appeals.

In her answer to the petition respondent alleged that the provision in question in the agreement between the parties amounted to a lump sum settlement in lieu of alimony and she prayed "that petitioner be denied any and all relief requested in his petition, and prays that he be ordered, decreed and adjudged to be in arrears in the sum of $615.00 of the lump sum settlement directed to be paid by plaintiff under the agreement and decree . . . ."

Par. 19 of the Divorce Act, sec. 18, chap. 40, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 109.186], provides:

"When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just; and order the defendant to give reasonable security for such alimony and maintenance, or may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court, where a party wilfully refuses to comply with the court's order to pay alimony and maintenance, provided that no alimony or separate maintenance shall accrue during the period in which a party is imprisoned for failure to comply with the court's order, *and provided further that a party shall not be entitled to alimony and maintenance after remarriage.* And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper."

Petitioner contends that the foregoing section makes it mandatory upon a court to cancel alimony and maintenance payments after remarriage of the wife, and that "the fact that the alimony is fixed at a gross amount payable in future installments does not de-

prive the court of the power to modify upon remarriage of the wife.'' Petitioner cites in support of his position *Banck v. Banck*, 322 Ill. App. 369, wherein the Appellate court of the Third District had before it a case that presented the same question as is now before us. The court went exhaustively into the subject matter, and as the Supreme court denied an appeal in that case (385 Ill. 630) we feel justified in quoting freely from the opinion rendered in that case (pp. 370-384):

''. . . The decree provided, *inter alia*, 'that the parties herein have mutually agreed upon a property and alimony settlement by virtue of which, it has been agreed that the defendant henceforth own the dwelling house in which she is now living . . . ; that the said plaintiff execute his quit-claim deed to her therefor; and that he further pay and discharge the mortgage thereon now existing; that the said defendant shall have all the furniture now contained in said real estate, and also a certain Lincoln automobile; that in addition thereto, said plaintiff shall pay the said defendant the sum of $4,500 as gross alimony as follows, to-wit: $500 upon the rendition of this decree and the balance in monthly instalments of $100 each payable on the first day of each and every month hereafter, commencing the first day of June A.D. 1941 and that he further pay to her the sum of $500 for solicitors' fees in and about prosecuting her suit herein; that the said defendant convey by her quit-claim deed all of her right, title and interest in and to all the remainder of the real estate owned by the said plaintiff.' The decree further provided 'that said property and alimony settlement heretofore referred to shall be, and the same is hereby approved' and that the decree remain a lien upon the real estate of plaintiff until he shall have paid the 'gross alimony' and solicitors' fees and in case of his default, the said real estate shall be sold to pay the same. Certain personal chattels and

securities were awarded to the plaintiff and the property of each party was decreed to be owned and held free and clear of all claims or demands of the other party resulting from the marriage relationship, including dower, homestead, award and alimony. . . .

"Thereafter, said $500 lump sum and all subsequent $100 monthly instalments of alimony were paid by the plaintiff to the defendant as they became due according to the terms of the decree, to the date of September 28, 1942, on which latter date the defendant appellant intermarried with one Elmer Allison . . . . Plaintiff appellee thereupon petitioned the court to be relieved from further payments of alimony accruing after said date under and by virtue of the provisions of sec. 18, ch. 40, Ill. Rev. Stat. 1941 (Jones Ill. Stats. Ann. 109.186), being an amendment enacted in 1933 to said section 18 of the Divorce Statute, which amendment provided 'that a party shall not be entitled to alimony and maintenance after remarriage.' The petition to modify the decree was duly heard and a decree was entered by the chancellor granting the prayer of the petition and releasing plaintiff from further payments of alimony to the defendant and also discharging and releasing plaintiff's real estate from any lien for the payment thereof; the chancellor expressly finding that by reason of said remarriage, 'the plaintiff is entitled to be relieved of all payments of alimony after September 28, 1942.' After motion to set aside said order, which was denied, the defendant perfected her appeal to this court.

"Defendant appellant assigned the following errors as grounds for reversal, viz: (1) lack of jurisdiction of the court over the cause or subject matter; (2) that the right of gross alimony was a vested right over which the court has no jurisdiction; (3) error in holding that defendant's remarriage terminated her right to receive the total amount of gross alimony settle-

ment; (4) error in terminating plaintiff's obligation to pay the unpaid instalments of alimony accruing after defendant's marriage.''

The court then cites section 18 as amended.

''The decree, in so far as it concerns a property settlement and the payment of immediate and subsequent periodic alimony payments, was entered by the consent of the parties and there is no controversy concerning the facts. Appellant contends, as a matter of law, that the right of defendant to receive the unpaid instalments for the balance of 'gross alimony' became and is a vested right, by virtue of the terms of the property settlement and consent decree which she was entitled to receive in periodic payments as the same fell due on dates subsequent to the date of her remarriage and that the above provision of the statute is not applicable to the facts herein.

''  .  .  . The alimony previously agreed upon by the parties became merged in and was set forth in the decree itself, which expressly found the defendant to be without means 'to provide support for herself' and provided for the periodic monthly payments in question extending over an approximate five year period granting an allowance to be awarded as 'alimony to maintain herself' according to the husband's station in life, which terms were duly complied with from the date of the decree on May 20, 1941 to the date of appellant's marriage to a second husband on September 28, 1942.

''The chancellor below, who heard the case and entered both the original and modified decrees, in a short opinion filed with the latter, stated: 'The decree in question is a decree for alimony. The decree so recites it. The court fixed the maximum payments at the sum of $4500 and provided it should be paid in monthly instalments of $100 apiece. The court might just as well have said that the maximum should be five years instead of $4500. In either case, it must be

understood that the decree of the court had in it the express, mandatory language of the statute, even though it was not specified in said decree . . . .' The court further said that 'Counsel for respondent has laid great stress on the finding of the court and that this was a decree for money in gross. It was alimony, however, and was to be paid on the instalment plan.' Clearly, the alimony provisions so agreed upon by the parties, so prayed for in the counterclaim, so allowed and ordered by the court to be paid on terms set forth in the decree for defendant's maintenance, became thereby merged in and was controlled by the terms of said decree and the statutory provisions applicable thereto.

"The application of the amendatory language of the above statute providing for nonpayment of alimony and separate maintenance after remarriage has been construed by the courts of review of this State in a number of cases. While the decisions in Illinois are not in entire harmony upon the right of the chancellor to modify a decree for alimony awarded in gross, since each case depended upon the particular facts and circumstances presented for review under the decree in question, the courts have uniformly held that as between the parties, the mandatory language of section 18 depriving the recipient of further alimony payments in the event of remarriage is binding both upon the parties and the court and becomes by implication a part of the decree. The payment of $4,500 in periodic payments over a period of 40 months was referred to by the parties and designated in the original decree as 'gross alimony.' *The language of the statute makes no distinction between a decree for a lump sum payable in instalments and a decree for periodic payments.* The chancellor held under the facts presented 'that in this case an event happened, to-wit: the marriage of recipient, that makes it mandatory upon the court to stop further periodic payments upon

application of the person affected.' Our Supreme Court, in the recent case of *De La Cour v. De La Cour*, 363 Ill. 545, 2 N. E. (2d) 896, likewise treated a decree for alimony awarded in a lump sum of $3,000 payable in $50 monthly instalments over a period of five years, thereby fixing both the gross sum awarded and the limited and certain time for making each of such payments, as a decree for periodic payments, subject to modification by the court under the provisions of section 18, *supra*; citing in support of the continuing equitable or statutory power of the court to modify the decree under section 18 of the Divorce Act, the cases of *Maginnis v. Maginnis*, 323 Ill. 113, 153 N. E. 654; *Bobowski v. Bobowski*, 242 Ill. 524, 90 N. E. 361; *Welty v. Welty*, 195 Ill. 335, 63 N. E. 161; *Cole v. Cole*, 142 Ill. 19, 31 N. E. 109; the court saying (pp. 117, 118) that 'An express reservation of the power in the decree is unnecessary for the power exists and may be exercised irrespective of whether so reserved.' *Maginnis v. Maginnis, supra.*

"In the case of *Morgan v. Lowman*, 80 Ill. App. 557, 559, this court held that 'Where a divorced wife remarries, the divorced husband is absolved from the burdens of a decree requiring him to pay alimony. She has a vested right only in that which has accrued up to the date of the second marriage. It is her privilege to abandon the provision which the decree of the court makes for her support by entering into marriage with another man, thereby seeking her support from another direction, but when she does so the law will require her to abide her election.' Alimony past due under a decree is a vested debt and cannot be set aside nor can payment of amount past due thereunder be changed by a subsequent order of court. *Craig v. Craig*, 163 Ill. 176, 45 N. E. 153; *Cooper v. Cooper*, 185 Ill. 163, 56 N. E. 1059; *McAdams v. McAdams*, 267 Ill. App. 124; *Herrick v. Herrick*, 319 Ill. 146, 149 N. E. 820; *Bush v. Bush*, 316 Ill. App. 295, 302, 44 N. E. (2d)

767. But as to alimony payments accruing in the future she has no vested rights. *Adler v. Adler,* 373 Ill. 361, 373, 26 N. E. (2d) 504. *Morgan v. Lowman, supra.*

"In the oft cited case of *Stillman v. Stillman,* 99 Ill. 196, 202, it is said concerning the wife's support that 'It is unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband, and an obligation from a present husband for an adequate support at the same time. . . . It is her privilege to abandon the provision the decree of the court made for her support under the sanctions of the law, for another provision for maintenance which she would obtain by a second marriage, and when she has done so the law will require her to abide her election.'

"The above equitable principle, repeated and applied at intervals and without exception by our courts of review, is based upon sound public policy and was crystallized into a statutory enactment by the amendment to section 18 in 1933; which, among other provisions, specifically provides 'that a party shall not be entitled to alimony and maintenance after remarriage.' Concerning this amendment, the Supreme Court, in the case of *Adler v. Adler, supra,* p. 373, said, 'The amendment merely adopted the general rule and made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried, regardless of whether or not there had been a change in the financial condition of the former husband.'

"In the case of *Miller v. Miller,* 317 Ill. App. 447, 448, 46 N. E. (2d) 102, wherein the appellant contended that the decree provided a gross alimony payable in future instalments, in which she held a vested interest, and wherein the decree recited, as in the instant case, that the parties 'had entered into an agreement regarding the question of alimony and ad-

justment of property rights,' it was held that the court had the power to modify the decree under section 18 of the Divorce Act, as amended. By incorporating an agreement between parties in a divorce decree, the same becomes merged in the decree and the parties make such decree subject to the statutory provisions and continuing power of the court to modify the same as therein provided. *Adler v. Adler, supra; Cahill v. Cahill,* 316 Ill. App. 324, 45 N. E. (2d) 69. The purpose of alimony payments has always been construed by our courts of review as the equivalent of the husband's obligation for support which arose in favor of the wife out of the marriage contract and which obligation ceased when the wife again married and thereby obtained the same obligation for support from her second husband. 'Alimony does not arise from any business transaction but from the relation of marriage. It is not founded on contract but on the natural and legal duty of the husband to support the wife.' The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by the court at any time as the changing circumstances of the parties may require. *Herrick v. Herrick, supra,* p. 151; *Audubon v. Shufeldt,* 181 U. S. 575; *Barclay v. Barclay,* 184 Ill. 375, 56 N. E. 630; *Welty v. Welty,* 195 Ill. 335; *Silberschmidt v. Silberschmidt,* 112 Ill. App. 58; *Cahill v. Cahill, supra.*

"In the case of *Thompson v. Mentzer,* 216 Ill. App. 470, the complainant was granted a decree of divorce on the ground of wilful desertion, and the custody of a 17 year old son was granted to her. By consent, alimony was granted as follows: $5,000 cash and $30 per month beginning on the first day of May, 1916, and the first of each month thereafter during the life of Joseph Arnold, father of complainant, and until the minor son should arrive at the age of 21 years. Both the lump sum and monthly alimony payments were

made to the appellant until April 1918, when she re-married, whereupon the defendant prayed that he be released from further payments, which decree was granted. Further payments on the son's account were not in issue, as he had lived with and been supported by his father. The court said (p. 473) that 'It is fur-ther urged that the modification of the decree was wrong for the reason that the alimony awarded was for a gross sum and that the court was without juris-diction to modify it at a subsequent term. We think it clear that since the decree provided for monthly payments it cannot be said that the alimony was for a gross sum. . . . By remarrying, complainant voluntarily waived her right to alimony after the date of her remarriage.' *Morgan v. Lowman,* 80 Ill. App. 557; *Stillman v. Stillman,* 99 Ill. 196.

"In the case of *Welty v. Welty, supra,* the terms of the decree awarding alimony provided that the plain-tiff, Catherine Welty, have the sole care, custody and education of the three children and that the defendant, Robert Welty, pay her $25 on the first day of each month for a period of eight months, commencing with June 1st, 'and continue until the sum of $200 is paid, said sum to be in lieu of and in full for alimony and in full of all other claims of any kind or nature,' etc., thereby fixing the gross sum as well as the number, time and amount of eight periodic monthly alimony payments. The court, on page 337, said: *'Appellant complains that the decree of June 9, 1899 was not a decree for alimony, but was a decree for a specific sum in lieu of alimony, his idea being that the court, by the use of the words "in lieu of," eliminated from the de-cree any requirement to pay money for alimony as such, and made it an ordinary decree for the payment of money. This contention is without force. The whole decree, when all of its parts are read together, is a decree for the payment of so much money for ali-mony . . . .' . . . .*

"As stated in *Adler v. Adler, supra,* p. 373, 'Her rights became fixed as to accrued payments, but as to all payments maturing in the future she had no vested right. . . . The amendment of 1933 to section 18 of the Divorce Act does not affect any vested rights of respondent.' That case involved the creation of a considerable trust estate to secure the payment of alimony provided for in the decree, and the court held the supplemental trust indenture and agreement in question which recited that 'for the purpose of making full and final provision for the maintenance and support of said Sara Adler, and for alimony, dower, and right of dower, and all claims and property rights, and rights of every kind and nature of second party against first party, a supplemental trust indenture has been entered into . . .'; that the agreement has become merged in the decree, and that as such, the statute by implication becomes a part of the decree and the provision for alimony became subject to modification. *Maginnis v. Maginnis,* 323 Ill. 113, 117, 153 N. E. 654. Where the decree awards a gross fixed sum in full settlement of all alimony claims, the same, when free of fraud, becomes final and its payment precludes the parties, but where the decree takes the form of a periodic allowance of future payments, it is controlled by and deemed to have been made in view of the provisions of section 18 of the statute concerning remarriage of the recipient. *Maginnis v. Maginnis, supra; Herrick v. Herrick,* 319 Ill. 146, 149 N. E. 820; *Smith v. Smith,* 334 Ill. 370, 166 N. E. 85; *Adler v. Adler, supra.* In *Adler v. Adler, supra,* and *Miller v. Miller, supra,* it was also provided in the agreement and decree that the former husband was to continue the payment of unpaid alimony unaffected by the remarriage. The latter provision was held in both cases to be a nullity, as contravening the express provisions of the statute. The courts of review affirmed the holding of the chancellor below in both cases and held it to be

mandatory on such court to cancel the alimony payments falling due after remarriage. While it was clearly pointed out in the opinions and we hold herein that the statute does not apply to vested rights, it was also held, as we hold herein, that under the provisions of the decree and facts presented, the remarriage statute did apply. *An intermingling of the language concerning settlement of property rights and the expression 'gross alimony' or provision for a lump sum, when payable in future instalments, does not ordinarily take the provision for the payment of alimony or support money out of the provisions of the statute nor render same inapplicable upon remarriage of the defendant. Miller v. Miller, 317 Ill. App. 447; Welty v. Welty, 195 Ill. 335; De La Cour v. De La Cour, 363 Ill. 545.*

"No precise nor hard and fast rule can be laid down for determining whether the right to alimony has become vested under the provisions of a decree embodying therein the terms of an agreement between the parties. Each case must be determined in accordance with the varying facts and circumstances presented by the entire language and provisions of the decree. Unless lawful provisions of the contract in question which becomes merged in the decree and the specific provisions of the decree itself, when so construed as a whole, make it clear and unambiguous that the statutory provisions are not applicable, the express discretionary or mandatory provisions of section 18 of the Divorce Act, as amended, will control, and will by implication become a part of the decree. Any other rule would tend to impair the salutory provisions and purposes of the statute as amended and would restrict the continuing discretionary powers and affirmative duties now lodged in courts of chancery by express legislative enactments.

"Without unduly lengthening this opinion, we cannot undertake to comment on a number of cases cited

by the defendant in an earnest effort to avoid the mandatory effects of the statute, which we do not deem to be parallel in fact nor controlling in principle under the specific facts and provisions appearing in the decree herein. The bankruptcy case cited by appellant concerning vested interests did not involve the subsequent marriage of the wife nor the mandatory effects of the remarriage statute as between the parties. The case of *Smith v. Smith, supra,* also cited by the appellant has been clearly distinguished from the applicable rule herein by the Appellate Court in its opinion in the case of *Joachim v. Joachim,* 267 Ill. App. 237, wherein the right to modify the decree was sustained and the decree affirmed. In the *Joachim* case, the original decree granted a divorce and provided that 'pursuant to an agreement heretofore entered between the parties hereto, settling and forever disposing of their financial rights and obligations due to the marital relations between them, that the defendant shall pay to the complainant the sum of $325 per month from the entry of this decree up to and including the month of September, 1928, and that the defendant shall thereafter pay to the complainant the sum of $300 per month, beginning with the month of October, 1928, and every month thereafter until and up to the time of the complainant's death or remarriage.' Then followed provisions for payment of certain moneys and delivery of certain furniture, chattels and $5,000 in bonds to the wife. Subsequently, a verified petition under section 18 of the Divorce Act, *supra,* was filed on November 13, 1931, setting forth the changed income and financial condition of the defendant, owing to his 'unemployment and his depleted financial condition,' and praying for modification of the decree so as to reduce the subsequent payments to $50 per month. There, as here, it was contended that 'the court, pursuant to the agreement of the parties, embodied in its decree the terms of the financial settle-

ment between them'; and that 'the court had no jurisdiction to hear the petition of the defendant, hear evidence thereon and determine the issues, and modify the alimony terms entered by agreement of the parties and embodied in the original divorce decree.' The court held, however, that 'This contention has been settled, and adversely to complainant in *Herrick v. Herrick,* 319 Ill. 146, 149 N. E. 820' and other cited cases. In distinguishing the *Smith* case, the court in the *Joachim* case, pointed out that the *Smith* case, in holding that the first decree was *res judicata* as to previous conditions authorizing alimony in the decree and that only a change in conditions would justify a modification of the decree, under the statute, had thereby expressly approved the ruling in case of *Herrick v. Herrick, supra,* and further stated that because the petition in the *Smith* case made charges of fraud in respect to procurement of the agreement in regard to alimony embodied in the decree, and sought to have the same reviewed by petition under section 18, the court held that charges of fraud were not subject to review under section 18 and that if petitioner felt that she was entitled to relief from the agreement as to alimony, embodied in the decree on such grounds, she should seek relief under the general equity powers of the court.

''While appellant has further stressed the fact that she released an inchoate dower interest in appellee's remaining real estate or lots, the value of which is not shown by the record, the fact also remains that by the executed property settlement, she received valuable real estate free of all incumbrances, which were assumed and subsequently paid by the husband, together with valuable personal property free and clear of any claim of the husband, in addition to the payment of all accrued alimony which had vested in or become due and payable to her prior to the date of her remarriage, and that each relinquished all rights and claims in and

to the property of the other growing out of prior marital relationship. As in *Adler v. Adler* and other cases cited, *supra,* similar provisions providing for release of dower or other marital rights were set forth in agreements and merged in the decrees but the mandatory provisions of amended section 18 concerning remarriage, were held to apply and to be controlling therein.

''Appellee's contention that the financial condition of the parties had materially changed and that his income and assets had greatly shrunken since the original decree was entered would only become material if he sought a modification of the allowance under the sound discretionary powers lodged in the chancellor by applicable provisions of section 18 of the statute, *supra.* Such facts are not material under the 1933 amendment to that section concerning the mandatory effect of remarriage upon all future alimony payments. *Adler v. Adler,* 373 Ill. 361.

''   . . .

''The chancellor below did not err in releasing and absolving plaintiff from the payment of the instalments of alimony which fell due or became payable and remained unpaid subsequent to the date of September 28, 1941 when the defendant appellant remarried, nor in releasing and discharging his real estate from any lien for the payment thereof. We find no error in the record and the order appealed from is affirmed.''    (Italics ours.)

In addition to what is said in the foregoing opinion as to *Adler v. Adler,* 373 Ill. 361, we add the following: In *Reighley v. Cont. Ill. Nat. Bank,* 390 Ill. 242, the court made the following statement as to its holding in the *Adler* case (pp. 253, 254):

''Appellant also claims that to require him to pay the monthly sums is against public policy because the plaintiff has remarried, and, in Illinois, had said sum been fixed as alimony it would be terminated under the statute. The answer to this contention is that the

payments were not fixed by decree but by a contract, which was no part of the court proceedings. We have held as recently as *Adler v. Adler,* 373 Ill. 361, *that if a divorce settlement is incorporated in the decree, it is subject to modification by the court, and in case of a remarriage the court would vacate the order.* However, in the same case we held that if the wife were receiving support money by a contract independent of the decree, the contract was still enforcible *in spite of the fact that, had it been alimony fixed in a decree, the court under the statute would have been compelled to terminate it."* (Italics ours.)

■ Both parties cite the *Adler* case in support of their position but in our judgment that case supports the position of petitioner. To sustain the instant decretal order respondent contends: "The lump sum settlement, in the amount of $1,080.00, payable in installments of $15.00 weekly for the convenience of petitioner, was not a mere provision for alimony to provide for the future support of the wife by means of periodic payments, but such provision was an integral and inseparable part of a final, property settlement, and so intermingled with the other provisions and conditions set forth in the property agreement incorporated in the decree, as to be unmistakably *'a final settlement in gross, of all the interest of the parties arising out of the marital relation, and therefore, beyond the power of the court to modify or change',* quoting the words of the court in *Adler v. Adler,* 373 Ill. 284 [361], at page 284 [363], cited above. (Italics ours.)" The foregoing contention is plainly an afterthought. In respondent's answer to the petition she treated the $1,080 provision in the agreement as a lump sum settlement in lieu of alimony, and alleged "that only upon the completion of the said payments of $1080 would defendant and counter-plaintiff be required to return and deliver to the husband any of the said policies of insurance which may be in her possession," and she prayed that petitioner be denied any

relief because he was in arrears in the payments, and that "he be ordered, decreed and adjudged to be in arrears in the sum of $615.00 of the lump sum settlement directed to be paid by plaintiff under the agreement and decree . . . ." There is no merit in the contention of respondent. A similar contention was raised by the respondent in the *Banck* case and the court held (p. 380) that there was no merit in it. Aside from the *Adler* case, the only other case cited by respondent in support of her argument is *Kohl v. Kohl,* 330 Ill. App. 284. There the settlement agreement between the parties provided that the husband agreed to transfer to the wife certain real estate and in addition thereto he " 'agreed to pay to the plaintiff . . . Twenty One Thousand ($21,000.00) Dollars in the manner following: Seventy Five Hundred ($7,500.00) at or before the entry of this Decree, and the balance' $13,500 'in weekly installments of Eighty ($80.00) Dollars each, the first installment to be payable one week after the entry of this Decree,' and subsequently, weekly installments thereafter, 'without interest' on deferred installments, until the $13,500 was paid in full." (p. 286) The court stated in its opinion (p. 287):

"Counsel for Arthur J. Kohl contend (1) that after Mrs. Kohl remarried she was 'no longer entitled to receive alimony or maintenance from' him and (2) that the award of attorney's fees 'in any amount was unwarranted, but if proper in some amount, the allowance was greatly excessive.' On the other side the position of counsel for the former wife is that 'The provisions in the decree for periodic payments are in pursuance of the terms of a property settlement and not in payment of alimony and support.' We think this contention must be sustained. The $21,000 and the other property awarded Mrs. Kohl and the property she conveyed to him, as mentioned in the decree, were not in payment of alimony but a property settlement made between the parties. The decree

specifically provides for the transfer of certain properties, real and personal, between the parties and that he paid Mrs. Kohl $21,000—$7,500 of which was to be paid on the entry of the decree, and the balance $13,500 in weekly installments of $80 per week, without interest. This was a property settlement and not a decree for alimony.''

We agree with this holding, but the *Kohl* case is not an authority in support of respondent's position.

■ As stated in the *Adler* case (p. 373):

''Prior to the amendment, the general rule adopted by the courts was, that remarriage of a woman, who was receiving alimony from her former husband, was such a change of condition as to authorize a modification of the decree to the extent of canceling the alimony payments. (*Stillman v. Stillman*, 99 Ill. 196; *Maginnis v. Maginnis* [323 Ill. 113], *supra.*) The amendment merely adopted the general rule and made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried, regardless of whether or not there had been a change in the financial condition of the former husband.''

It is difficult to see how the language in question in par. 19, sec. 18, that ''a party shall not be entitled to alimony and maintenance after remarriage'' could be plainer or broader.

■ The decretal order of the Circuit court of Cook county is reversed, and the cause is remanded with directions to the chancellor to enter an order annulling the alimony provision in the decree and ordering respondent to deliver to petitioner a certain insurance policy, #8589783A, issued by the Metropolitan Life Insurance Company and that was held by respondent to insure the payment of $1,080, the lump sum settlement in lieu of alimony.

*Decretal order reversed and cause remanded with directions.*

SULLIVAN, P. J., and FRIEND, J., concur.