**SUTTON v. LEIB.**
Civ. No. 1134.

United States District Court
S. D. Illinois, S. D.

Aug. 21, 1950.

Joseph R. Carson, Urbana, Ill., Jean S. Sheppard, Urbana, Ill., Howard R. Blalock, Springfield, Ill., for the plaintiff.

A. M. Fitzgerald, Springfield, Ill., Walter T. Day, Springfield, Ill., for the defendant.

BRIGGLE, Chief Judge.

Plaintiff sues defendant to recover accrued payments of alimony under a certain decree of divorce rendered by the Circuit Court of Sangamon County, Illinois, on October 11, 1939. This decree, among other things, provides that the defendant shall on or before the first day of each month pay the plaintiff the sum of $125.00, continuing "so long as plaintiff shall remain unmarried or for so long as this decree remains in full force and effect, unaltered and unmodified." Plaintiff, a resident of New York, asserts that there is due her under this decree, accrued monthly installments from August 1, 1944, to November 1, 1947, amounting to $5000.00 and brings suit against the defend-

ant, a resident of Illinois. This is met by a motion by the defendant to dismiss for want of jurisdiction, chiefly on the grounds that the complaint raises the question of the construction and effect of a divorce decree, and that the Federal Court is without jurisdiction to act concerning the marital status of the plaintiff and defendant. Alternatively, defendant's motion as amended prays for a summary judgment. The motion is supported by the affidavit of the defendant which discloses that the defendant has paid to the plaintff all sums required to be paid under said decree of divorce to August 1, 1944, and that the plaintiff on July 3, 1944, at Reno, in the State of Nevada, was remarried to one Walter J. Henzel. Certified copies of the application for marriage license are attached to such affidavit and disclose that the said Walter J. Henzel was divorced at Reno, Nevada, on July 3, 1944, and that Verna L. Crawford was divorced at Springfield, Illinois. A certified copy of the return of Reverend Brewster Adams, pastor of the Baptist Church, discloses that he married Walter J. Henzel of Reno, Nevada, and Verna L. Crawford of New York City, on July 3, 1944, at Reno, Nevada. It appears without dispute that Verna L. Crawford was formerly the wife of defendant and is now Verna Leib Sutton, the plaintiff herein.

Defendant's affidavit attached to his motion further discloses that the plaintiff after her marriage in Nevada to Walter J. Henzel demanded of the defendant that he make the alimony payments provided by said decree for the months of June and July, 1944, (which apparently at that time had not been made in full), and informed the defendant that his information concerning her remarriage was correct; that pursuant to said demand by plaintiff, defendant paid to the plaintiff the sum of $180 and plaintiff through her counsel acknowledged receipt thereof in full of all claims that she had under said decree of divorce. Attached to the affidavit are also copies of correspondence between counsel for plaintiff and counsel for defendant supporting such statement in the affidavit.

Plaintiff by leave of court has filed a reply to the Motion to Dismiss and counter-affidavits. In the plaintiff's counteraffidavit she admits that she entered into a marriage ceremony with Walter J. Henzel on July 3, 1944, at Reno, Nevada; that at a later date, one Dorothy Henzel who was apparently a former wife of Walter J. Henzel sued the said Walter J. Henzel in the State of New York for a separation decree, and that on June 22, 1945, a decree was entered, a certified copy of which is attached to the counteraffidavit, in which it appears that Dorothy Henzel obtained a decree of separation from the said Walter J. Henzel, and in which it is recited that the decree of divorce heretofore procured by the said Walter J. Henzel in the State of Nevada on July 3, 1944, is null and void. The plaintiff's counteraffidavit further discloses that in the month of January, 1945, she instituted an action in the Supreme Court of New York, praying that her marriage to Walter J. Henzel be declared null and void, and in this suit a decree was entered by the New York court in June, 1947, decreeing that the plaintiff is entitled to a judgment annulling the marriage between the plaintiff and the said Walter J. Henzel, and that such judgment should become final three months from its entry, unless otherwise ordered. Plaintiff's affidavit further discloses that she was married to one Sherwood Sutton, but does not challenge the assertion of defendant's affidavit concerning the payment of $180.00 in full release of his obligations under the divorce decree of Sangamon County.

It thus appears that the Court is confronted with a suit for alleged past due payments of alimony under the Sangamon County, Illinois, decree; that one Henzel obtained a decree of divorce at Reno, Nevada, on July 3, 1944, and on the same date married the plaintiff in this proceeding; that afterwards plaintiff demanded that defendant, who apparently had made all alimony payments up to June 1, 1944, pay her alimony for the months of June and July, 1944, and advised defendant that she had remarried. Defendant responded to this request and made such payments and the plaintiff released the defendant from the alimony provisions of the Illinois decree. Later, a New York Court held that the

Reno divorce of Henzel was void and awarded a decree to his wife (not plaintiff here) in the State of New York, and still later the present plaintiff obtained a decree in New York holding her marriage to Henzel to be a nullity. The plaintiff now asserts a liability against defendant for all alimony payments accruing from August 1, 1944, up to the date of her marriage to Sutton on November 21, 1947. It thus appears that there is no substantial or controlling disputed question of fact before the Court on Defendant's amended motion to dismiss or in the alternative for summary judgment.

The first question for consideration is the contention of defendant that this proceeding should be dismissed for want of jurisdiction. While it is true that the Court would not have jurisdiction to in any sense modify or vary the terms of the divorce decree of the Circuit Court of Sangamon County, Illinois, yet that does not appear to be the purpose of this proceeding. This is a suit to recover the accrued payments of alimony alleged to be due plaintiff under the terms of the divorce decree. Under the law of Illinois, Plaintiff would appear to have a vested right in the payments thus decreed, Craig v. Craig, 163 Ill. 176, 177, 45 N.E. 153; Dinet v. Eigmann, 80 Ill. 274; and Hotzfield v. Hotzfield, 336 Ill.App. 238, 83 N.E.2d 605; and no reason appears why such right cannot be asserted in the Federal Courts, other jurisdictional requirements being present.

A study of the cases of Barber v. Barber, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A., N.S., 1068, 20 Ann.Cas. 1061; Barber v. Barber, 323 U.S. 77, 65 S.Ct. 135, 89 L.Ed. 82, 157 A.L.R. 163, and other cases, convinces the Court that it has jurisdiction of the subject matter of this proceeding, and the motion of defendant to dismiss for lack of jurisdiction should be denied.

Next for consideration is defendant's motion for summary judgment. It appears from the conceded facts that both parties at one time treated the Nevada divorce as a valid decree of the court of Nevada, and entered into a settlement of the alimony questions involved in the Illinois decree, but the plaintiff now contends that the New York decree, having invalidated the Nevada decree so far as New York is concerned, that this court in giving full faith and credit to the New York decree under consideration, must hold that her marriage to Henzel was void from the beginning, and consequently defendant's liability for alimony under the Illinois decree was a continuing one until she married Sutton. The question of the validity of the Nevada decree of divorce which preceded Henzel's marriage to the plaintiff is not in issue in this proceeding and it is not challenged in this court except by the contention of the plaintiff that the court should accept the finding of the New York court in that respect. While a Federal Court must give full faith and credit to the laws and decrees of other states, insofar as they are constitutional and insofar as they are entitled to credit in their respective states, yet it appears without dispute that a decree of divorce to Henzel was granted by the State of Nevada, and so far as appears in this proceeding it is a valid and binding decree in that state, and the subsequent marriage of plaintiff to Henzel in Nevada would consequently be presumed to be a valid marriage in the State of Nevada. It should be remembered that defendant was not a party to the proceedings in either state.

We are thus confronted with two conflicting decisions of sister states, and it would be an incongruous situation for this Court to undertake to determine which, if either, of such decisions should in this proceeding be accorded full faith and credit. Fortunately we are not called upon to do so, as the parties themselves accepted the validity of the Nevada decree, and at a time when such decree had never been challenged, entered into a contract settling the question of accrued alimony. There is no question of fraud or overreaching in the settlement then made and no effort has been made to set the same aside. The settlement and release was handled at arms length by the parties through their respective counsel and no reason appears why it should not be held to be a binding obliga-

tion upon each. The mere fact that at a later date the plaintiff succeeded in gaining a decree of a New York court holding that her marriage to Henzel was void so far as New York is concerned can make no difference. Indeed, while not suggested in the briefs, the most that could be said for the settlement and release is that such settlement was made under a misapprehension of law and not by reason of any misunderstanding of fact or by reason of any fraud. If the parties misconceived the law they could not now be relieved of their voluntary act by reason of such mistake of law. That they then understood the law is to be presumed. Under such circumstances, I find that plaintiff is not entitled to relief and defendant's motion for summary judgment is allowed.

Counsel for defendant may prepare a judgment order and, after submitting same to counsel for plaintiff, present to the Court.