DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1909.

---

### Mary Raab, Defendant in Error, v. Henry Raab, Plaintiff in Error.

### Gen. No. 14,399.

1. APPEALS AND ERRORS—*how chancellor compelled to sign certificate of evidence.* The absence of a certificate of evidence cannot be justified by affidavits, nor can the propriety of the court's refusal to sign and seal a certificate of evidence be determined upon writ of error; *mandamus* is the remedy.

2. SEPARATE MAINTENANCE—*impropriety of allowance of alimony in gross.* An allowance of alimony in gross in a separate maintenance proceeding is not authorized by the statute.

3. SEPARATE MAINTENANCE—*what sufficiently establishes residence of husband.* The statute governing separate maintenance confers the right to seek the remedy "in the county where the husband resides." The return of the sheriff upon the summons of service upon the defendant, lacking contradiction, sufficiently establishes the residence of the defendant in the county in which the suit is instituted and the service had.

4. SEPARATE MAINTENANCE—*what does not establish right to.* The right to separate maintenance does not arise from the mere fact of the husband failing to support his wife and a decree of separate maintenance will not be sustained unless the evidence shows or such decree finds that the complainant is living separate and apart from her husband without her fault.

5. SEPARATE MAINTENANCE—*how statute construed.* The statute awarding separate maintenance being in derogation of the common law is to be strictly construed.

(554)

Separate maintenance. Error to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed October 25, 1909.

ALBERT WESLEY GOTTSCHALK, for plaintiff in error.

JAMES C. O'BRIEN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

In this case complainant filed her petition, under the statute, for a separate maintenance, averring, in effect, *inter alia,* that she was living separate and apart from her husband without her fault. Defendant, the husband, filed a cross-bill for a divorce, alleging as a cause for divorce his wife's adultery subsequent to the marriage. On a hearing complainant was decreed separate maintenance and an allowance of the gross sum of thirteen hundred dollars, with costs and allowances for solicitor's fees, and the husband's cross-bill for divorce was dismissed for want of equity. The wife was also awarded the custody of the two minor children, the issue of the marriage. The only finding in the decree touching the cause of the parties living separate and apart is: The court "doth find * * * the said Henry Raab to have been guilty of wilfully neglecting to provide for the necessary and proper support and maintenance of the said Mary Raab, his wife, and Irving and Gilbert Raab, their children, said offense having continued since the 12th day of July, A. D. 1906, as charged in the bill of complaint." No certificate of evidence is found in the record, which defendant seeks to excuse by setting forth in affidavits an unreasonable refusal of the chancellor to sign and seal a document purporting to fill that office, tendered to him for that purpose, and our ruling thereon is sought. Suffice it to say, on this point, that with the chancellor's reasons for not certifying the documents tendered as a certificate of evidence, we have no concern. The

correctness of the chancellor's conduct in this regard is not to be tested by this court on a writ of error. The hand of the chancellor can only be forced, if at all, by a mandamus proceeding.

It is contended that the chancellor had no authority to decree a sum in gross as an allowance in a proceeding for separate maintenance, and further, that the sum allowed is excessive, taking into consideration the property and means of defendant. It is averred by complainant in her bill that defendant's whole financial means did not exceed the sum of $6,000, and the allowance decreed is $1,300. Were a sum in gross permissible, we think the allowance excessive in view of the limited means of defendant and his continued legal liability to support his wife and children in the event of the allowance becoming exhausted for any reason. Moreover, the marital relation not being sundered, the rights and interests in the property of the husband accruing to the wife in force of the statute were unaffected by the decree. Complainant cites no case which upholds the contention that a sum in gross is allowable to a wife in an action for separate maintenance. Cole v. Cole, 142 Ill. 19, was a bill seeking to evade allowances of alimony made in a divorce decree; and Harding v. Harding, 180 Ill. 481, while a separate maintenance cause, did not involve the question of an allowance in gross, for on the contrary the allowances primarily and ultimately decreed were payable in instalments.

We quote from the opinion in Hunter v. Hunter, 121 Ill. App. 380, as it expresses our view on this branch of the case and comports with the law governing that subject:

"It is further contended that it was error to render a decree for $600 in gross. We think there is merit in such contention. While in cases of absolute divorce alimony is occasionally decreed to be paid in gross, such order is invariably made upon condition that it is to be in full satisfaction of all future claims for support. Where the bonds of matrimony are per-

petually severed and the parties are henceforth as utter strangers, or where other special reasons exist therefor, it may be desirable and proper that such order be made. The practice, however, should not pertain in suits for separate maintenance. The reasons are obvious. Notwithstanding the decree of separation, the marital relations still exist and will continue, in the absence of a subsequent decree of absolute divorce, until the death of one of the parties. The sole effect of the decree is to permit the wife to live apart from her husband without forfeiting her right to be supported by him. The duty of the husband to support his wife continues as it was prior to the separation, the only difference being that he is compelled by law to pay her a determined fixed amount for that purpose. In all other respects the rights and duties of the parties remain unchanged. If a wife, after receiving a gross sum for her future support, should through theft, sickness or other misfortune, lose, or be compelled to expend, or should even squander the same, the result would often be to impose the burden of her support upon the public. If, in that event her husband is no longer liable for her support, the consideration of public policy alone would render such a decree as that in question improper. On the other hand, to compel the husband to further contribute to her support, would be unjust and inequitable. Again, if at any time subsequent to a decree for separate maintenance the wife should determine to return to and live with her husband, which she would clearly have a right to do at any time, he would be bound in law to support her, notwithstanding he may have already paid to her a large sum in gross for her future support. We are satisfied that such gross allowance is manifestly not within the intendment of the statute and that in so far as the decree provides therefor, it is erroneous." Chapman v. Chapman, 104 N. W. R. 880.

The jurisdiction of the court is challenged, but we think the court had jurisdiction of the parties, because there is nothing in the separate maintenance provisions of the statute which requires any time residence as a condition precedent to confer jurisdiction. In this respect it differs from the one year residence required by the divorce statute. The statute confers the right to seek the remedy "in the county where the husband resides." The return of the sheriff upon the summons of service upon defendant, lacking contradiction, sufficiently establishes the residence of defendant in Cook county to fulfil the statutory requirements in that regard.

The right to separate maintenance does not arise from the mere fact of the husband failing to support his wife, because, notwithstanding such dereliction, he may otherwise be a very acceptable husband of exemplary habits and conduct, and the wife may have ample means to support herself and family. She must be living separate and apart without her fault, and needing the support which her husband is able, although unwilling, to supply. The difficulty with the decree is that it makes no finding that complainant is living separate and apart from defendant without her fault. Without such fact being found, the chancellor had no jurisdiction to decree a separate maintenance or make any allowance. It is the policy of the law that the husband and wife shall live together and living apart will not be tolerated without lawful excuse. The statute, being in derogation of the common law, must be strictly construed and nothing by way of intendment will be presumed. The wife seeking separate maintenance must by proof, supplemented with a finding, demonstrate that her case is within the statute and that she is living separate and apart from her husband without her fault, before the court has jurisdiction to decree a separate maintenance. Jenkins v. Jenkins, 104 Ill. 134; Johnson v. Johnson, 125 *ibid.* 510.

For the errors indicated the decree of the Superior

Court is reversed and the cause remanded for further proceedings conformable to the views in this opinion expressed.

*Reversed and remanded.*