### In re FIORIO.

### FIORIO v. ROTH.
### No. 7934.

Circuit Court of Appeals, Seventh Circuit.
May 14, 1942.

"That this defendant shall pay to the plaintiff, Mary Rose Segal, the sum of $3,000 as and for a lump sum property settlement in full of her right, title and interest, of every kind, * * * in and to the property, income or estate which the defendant now owns * * * payable at the rate of $50 per month * * *."

It also provided: "In addition thereto, Second Party agrees to pay to the said son, John Segal the sum of Ten Dollars per week, said sum to be used by John Segal for payment of his music lessons and for his spending allowance."

Appellant's divorced husband paid her $400 before the bankruptcy proceedings were instituted. The balance ($2,600) is the item here in dispute.

Shortly after this decree was entered, appellant embarked on two ventures, a second marriage and a journey through a court of bankruptcy. The latter is the one with which we are concerned, and in that, only to the extent we must determine whether the unpaid part of the money decree passed to the trustee or was an exemption allowed to the bankrupt. The remarriage may have a bearing, but only as it may affect the husband's obligation to continue payments. This concern, however, does not affect bankrupt's duty to include the item among her assets.

Our answer must turn on the correct determination of the query, Was this an installment alimony provision, or a final property division?

We are satisfied: (a) that it was an asset of the bankrupt; (b) its exemption or non-exemption must be determined by the law of Illinois. Less certain are we of the determinative law of Illinois on the question of the character of this judgment. Counsel agree that the Supreme Court of Illinois has not had the question presented to it.

Our conclusion is that the court in McKey v. Willett, 248 Ill.App. 602, has, in an opinion much in point, furnished us the guide which necessitates a ruling adverse to the contention of the appellant. In other words, we hold the judgment was a final division of property decree, and not a future alimony payments decree; that such judgment passed to the trustee in bankruptcy upon debtor's adjudication as a bankrupt. Contrary holdings [1] in cases where

Seymour N. Cohen, of Chicago, Ill., and Henry J. Samuel, of South Chicago, Ill., for appellant.

Martin S. Gerber, of Chicago, Ill., (Manuel E. Cowen, Moses Levitan, and Theodore J. Levitan, all of Chicago, Ill., of counsel) for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal presents an inquiry into what assets a bankrupt should include in her schedules, and their possible exemption from the reach of the trustee of the bankrupt estate. The item over which the dispute arises is a money judgment entered in a divorce suit in favor of the wife, the bankrupt herein.

The Facts. Appellant obtained a divorce from her husband, in Illinois, both parties being residents of that state. The decree provided for a money judgment. Among other things, it contained this provision,

---

[1] In re Willett, D.C., 20 F.2d 149; In re Le Claire, D.C., 124 F. 654.

564

facts are quite similar must be reconciled on the basis that here we have an Illinois state court decision in point which is controlling.

The judgment of the District Court is affirmed.