Ola Stauffer Walters, now known as Joe Ann Wheeler, Appellant, v. Edward H. Walters, Appellee.

Gen. No. 44,859.

Heard in the first division of this court for the first district at the June term, 1949. Opinion filed October 9, 1950. Released for publication November 17, 1950.

CANTWELL & CANTWELL, of Chicago, for appellant; ROBERT E. CANTWELL, JR., and L. YAGER CANTWELL, both of Chicago, of counsel.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellee; ALBERT K. ORSCHEL, of Stanford University Law School, California, SAMUEL W. BLOCK and ADDIS E. HULL, both of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff, divorced wife of defendant, appeals from an order of the superior court of Cook county terminating instalment payments of money, payable under a divorce decree, after and because of the divorced wife's remarriage, and from an order dissolving a rule on defendant to show cause why he should not be held in contempt for failure to make certain instalment payments. The matter comes here on the pleadings.

Plaintiff on June 14, 1946, after a number of preliminary motions, filed her amended complaint for divorce charging extreme and repeated cruelty. On the same day, an answer was filed denying the acts of cruelty, the cause was heard as an uncontested matter, and decree entered. The property settlement agreement of the parties, made part of the decree, in material portions is as follows:

"1. As a lump sum property settlement and alimony in gross, in full of her right, title and interest of every kind, nature, character and description whatsoever, in and to the property, income or estate which the Husband now owns or may hereafter acquire.

"(a) The Husband shall pay to the Wife the sum of Thirty-four Thousand Five Hundred Forty Dollars ($34,540.00), payable in periodic payments during a period ending more than ten years, as follows:

"Twenty-five Hundred Dollars ($2500.00) in cash on the date of the entry of the contemplated decree for divorce hereinafter mentioned; and

"Two Hundred Sixty-seven Dollars ($267.00) per month for a period of one hundred twenty (120) months, first payment to be made on August 1, 1946.

"(b) In the event of the death of the Husband prior to the completion of the payments set forth in subparagraph (a) above, any unpaid balance thereof, shall be a charge against his estate.

"(c) The Husband shall by his Will provide as follows: to bequeath to the Wife the sum of Ten Thou-

sand Dollars ($10,000.00) to be paid to her upon his death in the event she survives him and has not remarried; in the event the Wife has predeceased him or has remarried, such sum shall be paid to the son of the parties, Carl Clark Walters; and in the event the Wife has remarried and their said son has predeceased the Husband, such legacy shall be cancelled.

". . .

"4. Each of the parties hereto does hereby (to the fullest extent that he or she may lawfully so do without voiding this contract) forever relinquish, release, waive and quitclaim to each other all rights of dower and homestead and all real or personal property rights and claims which he or she now has or may hereafter have, as husband, wife, widower, widow, or otherwise, by reason of the marital relations existing between the parties hereto under any present or future law of any state and of the United States of America or of any other country, against the property of the other party, or his or her estate, whether now owned or hereafter acquired by the other party."

Provision is made that each party should retain the furniture in his or her possession and that the wife's attorney's fees in the sum of $2,000 be paid by the husband.

The decretal portion provides in part:

"2. That the agreement between the plaintiff, Ola Stauffer Walters, and the defendant, Edward H. Walters, dated the 10th day of June, 1946, and hereinabove set forth in full, be and the same is made a part of this decree for divorce; and that all of the provisions of said agreement be and the same are expressly ratified, confirmed, approved, and adopted as the orders of this Court to the same extent and with the same force and effect as if said provisions were in this paragraph set forth verbatim as the decree of this Court.

564

"3. That all the right, title, claim and interest of each party in and to the property of the other party, real, personal or mixed, that he or she now owns or may hereafter acquire, by way of dower, homestead, jointure or otherwise, except the rights granted to each of them by the terms of the agreement of June 10, 1946, hereinabove set forth in full, be and the same are forever barred, terminated, ended, and released.''

On October 27, 1947, plaintiff filed a petition charging the defendant with being in arrears under the terms of the decree in the sum of $801, being payments due on August 1st, September 1st and October 1st, 1947, in the amount of $267 each. Petitioner asked for attorney's fees for services in connection with preparing and prosecuting the petition. Defendant answered, setting out that on July 2, 1947, plaintiff married one John T. Wheeler, by reason of which fact her right to periodic payments of alimony ceased. Defendant prayed (a) that the court dissolve its rule on defendant to show cause why the defendant should not be held in contempt of court, and (b) that the petitioner's prayer for a reasonable sum as and for her attorney's fees be denied.

On November 6th a petition for modification of the divorce decree was filed by defendant, praying cancellation, as of the date of the filing of the petition, of the periodic allowances of alimony which would accrue in the future by the terms of the decree and relieving defendant from the obligation of making further payments to plaintiff. Plaintiff filed a motion to dismiss this petition. Subsequently the court denied plaintiff leave to file certain additional pleadings which we deem unnecessary to consider here. On December 6, 1948, the court entered the order appealed from, finding in part material here that the payments provided for in the decree were ''periodic alimony'' to which plaintiff ceased to be entitled after and by virtue of her remar-

riage. The decree was ordered modified by relieving the defendant of the requirement to pay alimony instalments due after her remarriage; plaintiff's petition for a rule to show cause why defendant should not be held in contempt for failure to pay the monthly instalments which became due after plaintiff's remarriage and plaintiff's prayer for attorney's fees were denied.

The primary question raised by this appeal is whether the amount required to be paid "as a lump sum property settlement and alimony in gross" became a vested property right of plaintiff upon the entry of the decree. Whether or not it did so become necessitates an examination into the provisions of the decree to determine whether the provision was in fact a lump sum property settlement payable partially in instalments or whether it was merely a provision for the payment of periodic alimony. If it was a lump sum settlement, then it is not modifiable; but if it was periodic alimony, then it is modifiable, and under section 18 of the Divorce Act plaintiff's right to payment of the instalments accruing after remarriage is extinguished.

Section 18, par. 19, ch. 40, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 109.186] in force at the time this decree was entered, provided as follows:

"When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just; . . . and provided further that a party shall not be entitled to alimony and maintenance after remarriage. . . ."

The provision "that a party shall not be entitled to alimony and maintenance after remarriage" was en-

acted by amendment in 1933. The statute was further amended on July 27, 1949, to provide that, regardless of the remarriage, any party to whom instalment payments as settlement in lieu of alimony have been ordered paid, shall be entitled to receive any unpaid instalments. However, in view of the conclusions arrived at, this 1949 amendment is not here considered. For that matter, the 1933 amendment to section 18, which provided that a party shall not be entitled to alimony and maintenance after remarriage, brought about no change in the basic law of this State, but was merely declaratory of that law as it had long existed, as will be shown hereinafter.

 ''Alimony'' has been defined as an allowance in a decree of divorce carved out of the estate of the husband for the support of the wife. *Adler v. Adler,* 373 Ill. 361, 369; *Herrick v. Herrick,* 319 Ill. 146; *Barclay v. Barclay,* 184 Ill. 375. These and many other Illinois cases hereafter considered indicate that the term ''alimony'' bears certain distinguishing characteristics. It is for an indefinite period of time and usually for an indefinite total sum. It is based upon the husband's income and the needs of the wife determined from the standpoint of the manner in which they have been accustomed to live. It is modifiable after decree when the wife's needs increase or decrease, or when the husband's ability to pay increases or decreases. This is so because it takes the form of periodic allowances which do not vest until they become due. It usually terminates upon the death of the husband, although by agreement payments may be made a charge upon the husband's estate after they become due. They are never a charge on a husband's estate in advance of the due date because they are not, prior to that time, vested. Payments of alimony from husband to wife are not based upon any consideration moving

from wife to husband, but are based upon the common-law duty of the husband to support his wife. "Alimony" in this sense of the word, is modifiable.

On the other hand, the phrase "alimony in gross" or "gross alimony" is always for a definite amount of money; the payment is always for a definite length of time; it is always a charge upon the husband's estate and has uniformly been held by our courts to be not modifiable.

In the early case of *Plaster v. Plaster,* 47 Ill. 290, a divorce was decreed at the November Term, 1854, and it appearing that the defendant was at that time worth $1,000, one-quarter of this was decreed to the wife "as her absolute property and as alimony." At the March Term, 1866, the wife filed a petition claiming payment for the support and education of the child of the couple and for further alimony. In holding that the decree as to alimony was not modifiable, the court said at page 294:

"As to the question of further alimony, we are aware of no principle of law which would authorize it. At the time the divorce was granted, plaintiff in error received one-fourth of the value of the entire property of her husband, as her sole and separate property, as her alimony. The division was liberal, and being in gross, it must be held to be in full of all claims of alimony. . . . where a gross sum is decreed and received for, or in lieu of, alimony, it must be held to be in full discharge and satisfaction for all claim for future support of the wife. . . . having discharged the duty of her support, by paying to his former wife the gross sum decreed in lieu of alimony, she ceased to have any more claim on her former husband for her support, than she has on any other man in the community."

In *Buck v. Buck,* 60 Ill. 241, a consent decree awarded the wife, among other things, $12,000 as gross alimony. The husband appealed and the Supreme Court said:

"It sufficiently appears from the recitals in the decree, that the whole question of alimony was fixed and settled by the agreement of the parties. . . . Having consented to these provisions of the decree, the plaintiff in error can have no relief against the force of his own voluntary agreement.

"Whether the alimony is too high . . . it is not now necessary for us to express an opinion. It was competent for the plaintiff in error to consent to such a decree and having done so, it must remain forever binding on him."

In *Griswold v. Griswold*, 111 Ill. App. 269, the court said at page 278:

"When a gross amount is awarded as alimony, it will be deemed a full discharge of all claims for future support of the wife, . . . but where an annual allowance is decreed, the court has the power to alter or modify such allowance, as the subsequent needs of the wife and ability of the husband may reasonably and properly require."

In *Plotke v. Plotke*, 177 Ill. App. 344, the court said at pages 347, 348:

". . . where the decree awards a sum in gross for, or in lieu of alimony, such a decree will be regarded as final and the gross sum, when paid, will operate as a discharge and satisfiaction in full for all claim for future support of the wife. . . . we think the order for the payment of alimony in gross should only have been entered with the consent of the appellant; for by such an order, she is forever barred from making any further application to the court, even if his earnings from his law practice shall increase ten-fold."

In *Martin v. Martin*, 195 Ill. App. 32, the decree provided "that the defendant pay to the complainant the sum of $1,000 as and for her reasonable solicitor's fees and suit money, together with the costs of this proceeding, and also the sum of $15,000 as alimony for the said complainant." Later there was a petition

filed for modification on the ground of a change in the financial condition of the parties. The court said at page 34:

"No complaint is made as to the action of the last-mentioned chancellor in denying the motion to modify that portion of the decree in regard to alimony and solicitor's fees, and it is plain that the chancellor acted properly in that regard. Where the provision for alimony in the decree takes the form of a weekly, monthly or yearly allowance, the power is expressly reserved by the statute to modify such a provision of the decree at any time, according to the varying circumstances and needs of the parties, but in the present case the decree awarded a sum in gross for alimony, and such a decree is final, and the chancellor before whom the motion to modify was made had no power to change the same, the term at which the decree was entered having gone by. *Plotke v. Plotke,* 177 Ill. App. 344.''

In *Maginnis v. Maginnis,* 323 Ill. 113, the court said at page 117:

"Where the decree of divorce awards a sum in gross for or in lieu of alimony the decree will be regarded as final, and the gross sum, when paid, will operate as a discharge and satisfaction of all claim for future support by the wife, . . . but where the provision for alimony in the decree takes the form of a periodic allowance, section 18 of the Divorce Act . . . provides that 'the court may . . . make such alterations in the allowance of alimony and maintenance . . . as shall appear reasonable and proper.' ''

Since the 1933 amendment the court has had occasion to refer to the same in several cases, and the rule seems to have been the same since amendment of the statute as before.

In *Recklein v. Recklein,* 327 Ill. App. 641, the court said at page 644:

570

"In the instant case it appears that there were no children born of the marriage, and no weekly, monthly or yearly allowance of alimony, which the court would be empowered to modify at any time according to the varying circumstances and needs of the parties. Where the decree of divorce awards a sum in gross for or in lieu of alimony, as was done herein, the decree will be regarded as final."

 That the award may be payable in instalments is not determinative of the question as to whether it is gross alimony or periodic alimony. Gross alimony may be payable in instalments—whether all cash or all or partly on credit does not affect the essential nature of the transaction. *The principle involved is that gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect.* It would be a harsh rule that would deprive parties of the right to make final property settlements merely because the one furnishing the money was unable to meet the entire obligation in one payment. It would favor the affluent over the one less fortuitously circumstanced. This reasoning is supported by a long line of cases. In *McKey v. Willett,* 248 Ill. App. 602, a bankrupt divorced wife assigned to the trustee in bankruptcy $6,000 due under provisions of a divorce decree awarding her "a gross sum settlement of $15,500, payable in instalments." There were due on these instalments three unpaid sums of $2,000 each. The Appellate Court, reversing the trial court's holding that this was periodic alimony, said at pages 605, 606:

"There is a well-recognized distinction, under decisions in Illinois and elsewhere regarding awards of alimony between those 'in gross' and those where periodic payments (monthly, quarterly or yearly) are ordered made to the wife within the joint lives of the

parties or until the wife remarries. . . . And it is the law that 'where a sum in gross is allowed, it may be made payable in instalments.' '' (Citing 19 C. J. 261, sec. 608; *Winemiller v. Winemiller,* 114 Ind. 540; *Bassett v. Waters,* 103 Kan. 853; *Smith v. Rogers,* 215 Ala. 581.)

In the case of *Kohl v. Kohl,* 330 Ill. App. 284, decided by this district in 1947, the decree found ''that the parties hereto have entered into an agreement to make a complete, final and effective provision for a settlement of their respective property rights and holdings, and the relinquishment of all rights, interests and claims which each party might otherwise have to the property of the other, and a final and effective settlement of the rights, claims and demands of the plaintiff against the defendant by way of alimony, dower, jointure and otherwise.'' In that case the defendant agreed to pay the plaintiff $21,000, $7,500 at or before the entry of the decree and the balance of $13,500 in weekly instalments of $80 each until paid in full. This court found that notwithstanding these payments were to be made in instalments the agreement was a property settlement and not a decree for alimony. Additional holdings to this effect are reported in *In re Fiorio,* 128 F. 2d 562; *Jones v. Jones,* 216 Ky. 810; *Guess v. Smith,* 100 Miss. 457; *Beard v. Beard,* 57 Neb. 754.

These cases in an unbroken line point out that law as it existed both before and after the 1933 amendment to section 18, and it is significant that in none of these cases, nor in the many others which we have examined, where the use of the phrase ''gross alimony'' or ''alimony in gross'' was used, was the decree ever thereafter held to be modifiable until the case of *Banck v. Banck,* 322 Ill. App. 369 (decided in 1944) and the subsequent case of *Hotzfield v. Hotzfield,* 336 Ill. App. 238. The latter case adopts the opinion of the *Banck*

case, and accordingly we shall in this opinion consider only the former. The decree in the *Banck* case, after reciting that the parties had agreed upon a property and alimony settlement and making disposition of certain real and personal property recites "that in addition thereto, said plaintiff shall pay the said defendant the sum of $4,500 as gross alimony as follows, to-wit: $500 upon the rendition of this decree and the balance in monthly instalments of $100 each payable on the first day of each and every month hereafter. . . ."

Thereafter the lump sum was paid, as were the instalment payments as they became due, to the date of defendant's remarriage. Plaintiff then petitioned the court to be relieved from further payments under the provisions of the 1933 amendment to section 18 of the divorce statute to the effect "that a party shall not be entitled to alimony and maintenance after remarriage." The prayer of the petition was allowed, and, in affirming the trial court, the majority opinion held in effect that the decree was one for alimony to be paid on the instalment plan, stating at page 380:

"Where the decree awards a gross fixed sum in full settlement of all alimony claims, the same, when free of fraud, becomes final and its payment precludes the parties, but where the decree takes the form of a periodic allowance of future payments, it is controlled by and deemed to have been made in view of the provisions of section 18 of the statute concerning remarriage of the recipient." (Citing *Maginnis v. Maginnis,* 323 Ill. 113; *Herrick v. Herrick,* 319 Ill. 146; *Smith v. Smith,* 334 Ill. 370; *Adler v. Adler,* 373 Ill. 361.)

"An intermingling of the language concerning settlement of property rights and the expression 'gross alimony' or provision for a lump sum, when payable in future instalments, does not ordinarily take the provision for the payment of alimony or support money out of the provisions of the statute nor render

573

same inapplicable upon remarriage of the defendant.'' (Citing *Miller v. Miller,* 317 Ill. App. 447; *Welty v. Welty,* 195 Ill. 335; *De La Cour v. De La Cour,* 363 Ill. 545.)

This language of the *Banck* case, to the effect that a decree awarding future instalment payments becoming due subsequent to remarriage is controlled by and deemed to have been made in view of the provisions of section 18, is clearly at variance with the many authorities which we have above cited and is not supported by the particular authorities upon which it claims to rest, as appears from the analysis in the dissenting opinion therein and in the special concurrence here.

· [14] Counsel argues that the Illinois courts have established the rule that lump sum awards of money payable in instalments are alimony "if so described by the decree." We do not understand this to be the holding of the Illinois courts, to be the proper test, or to be necessarily true. It is not the label placed by decree upon payments which constitutes them either alimony or lump sum property settlements; it is the elements inherent in the case as a whole, the record of which the decree is a part, which determine to what category such payments belong.

To argue that, "where the intention of the court as shown in the decree of divorce is to award monthly sums to plaintiff as and for alimony, said sums are alimony . . . notwithstanding the fact that the decree provides for a lump sum payment to be made in monthly instalments over a definite period of time," is to beg the question. This case involves a determination of the meaning of the decree as determined from the entire record. The parties hereto made the agreement from which their rights are to be determined, and, even though it became merged in a decree, the court may not disregard their intention. *Storey v. Storey,* 125 Ill. 608; *Dowiat v. People for use of Richardson,* 193 Ill. 264.

The parties here described the purpose that they had in mind, in the preamble to their agreement, wherein it was recited:

"Whereas, the parties hereto consider it to their best interests to settle between themselves now and forever the respective rights of property, dower rights, homestead rights, and any and all other rights of property and otherwise growing out of the marriage relationship existing between them, and which either of them now has or may hereafter claim to have against the other, in and to any property of every kind, nature or description, real, personal or mixed, now owned or which may hereafter be acquired by either of them; and

"Whereas, a full and complete disclosure has been made by each of the parties hereto to the other of all property, real, personal and mixed, owned by either of them, and each of the parties has had the benefit of his and her respective counsel" etc.

This statement of purpose indicates that the parties were entering into an agreement having to do, not with an arrangement for the support of the wife which would take the form of monthly payments, but with rights which each had or might have in the property of each other, and were attempting to work out an arrangement whereunder neither would have any further claim to the property of the other. If the agreement was merely one having to do with periodic allowance, it would not have been necessary or appropriate to have determined the rights which each had in the other's estate; neither would it have been necessary for mutual disclosures to have been made as to the property owned by either of them. The recital of intention is a strong indicium of the fact that the parties were making a property settlement. Furthermore, in the first paragraph of the agreement itself it is defined "as a lump sum property settlement and alimony in

gross in full of her right, title and interest . . . in and to the property, income or estate which the Husband now owns or may hereafter acquire."

Even though the contention of the defendant were sound, that the phrase "alimony in gross" should be given the meaning "periodic alimony," how is the further language of this paragraph, "as a lump sum property settlement," to be explained? Defendant suggests that the agreement was a disposition of both property rights and alimony. He urges that the instalment payments were alimony, whereas the $10,000 agreed to be bequeathed by will, the provision with reference to the household furniture, and the $2,000 attorney's fees were property settlement factors.

We do not agree with this contention. The furniture which was awarded belonged to the wife prior to the settlement. The provision with reference to attorney's fees would ordinarily be an obligation of the husband, regardless of agreement. The provision with reference to the $10,000 testamentary bequest, even if based upon something more than moral consideration, was purely contingent, first, upon the wife's not remarrying; second, upon her surviving the testator; and most important of all, upon his being possessed of $10,000 at the time of his death. It conclusively appears that the only valuable consideration passing to the wife was the money award, and this could not have been by way of both property settlement and periodic allowance.

On the divorce hearing where the parties were represented by counsel, the written agreement in question was displayed to plaintiff by her counsel. After it had been established that she was familiar with its provisions appear these questions and answers:

"Q. Do you understand all you are to receive from your husband is contained in this agreement? A. Yes.

" . . .

"Q. Mr. Walters must comply with its terms and live up to them and you must? A. Yes.

"Q. Do you understand if you take the proceeds of this agreement and accept its terms you can never come into this Court or any Court and ask for anything additional from Mr. Walters as long as he lives up to this agreement? A. Yes."

Obviously the parties intended that this was to be the type of agreement which should never be modifiable by either of them at any subsequent time, for its covenants were mutual.

Finally, the agreement disclosed that the unpaid balance of any instalments remaining unpaid on the husband's death was made a charge against his estate. This, as we have heretofore pointed out, is a characteristic of a gross alimony award as distinguished from a periodic allowance. It further indicates that it was the intention of these parties that the rights of the wife to this sum should vest at the time the agreement was made, and the fact that it was to be partially paid in instalments had to do merely with an incident and not the essence of the contract.

 It thus appears that the parties entered into a property settlement for a definite amount of money for a definite length of time, which was to be a charge on the husband's estate, payable partly in instalments. The language used in the agreement and decree supports the construction that the wife was to receive $34,540 as a lump sum property settlement which was not subject to future modification upon remarriage or for any other cause.

The judgment of the superior court of Cook county modifying the decree in question is reversed and the cause is remanded with directions (1) to vacate the modification of the decree of December 6, 1948, (2) to enter a rule against the defendant instanter to show cause why he should not be held in contempt of court for failure to obey the provisions of the divorce decree, (3) to conduct a hearing as to the reasonable value of the services rendered by plaintiff's attorneys

from August 1, 1947, to date, and (4) to enter an order upon the defendant to pay to plaintiff as and for her attorneys' fees such sum so found to be due.

*Reversed and remanded with directions.*

NIEMEYER, P. J., specially concurs.

FEINBERG, J., dissents.

NIEMEYER, P. J., specially concurring. I concur in the reversal of the decree and the remandment of the cause with directions. Two questions are presented on appeal:

(a) Did the $34,540, to be paid "as a lump sum property settlement and alimony in gross" etc., become a vested property right of plaintiff on the entry of the decree?

(b) Are plaintiff's rights under the decree governed by section 18 of the Divorce Act as amended pending the appeal? An affirmative answer to either question will require reversal of the decree.

A decree for divorce, like a final decree in any other case, cannot be changed after expiration of the term (now after 30 days from the entry of the decree) except in so far as the statute granting the power to award alimony authorizes the court to modify it. *Herrick v. Herrick,* 319 Ill. 146; *Kelley v. Kelley,* 317 Ill. 104. Continuously since 1827, our statutes on divorce have authorized the court "on application from time to time to make such alterations in the allowance of alimony and maintenance" as shall appear reasonable and proper. (Rev. Laws 1827, p. 182; Rev. Laws 1833, p. 234; Rev. Laws 1845, p. 197; Rev. Laws 1874, 1933 and 1949, ch. 40, § 18.) The courts have narrowed and defined the application of the statute. It does not and cannot affect alimony in which the beneficiary has a vested property right. *Craig v. Craig,* 163 Ill. 176, decided under a former statute; *Adler v. Adler,* 373 Ill. 361; and *Banck v. Banck,* 322 Ill. App. 369, in which the amendment of 1933 "that a party shall not be entitled

to alimony and maintenance after remarriage,'' on which the rights of defendant herein are predicated, was under consideration. As held in *Arnold & Murdock Co. v. Industrial Commission,* 314 Ill. 251, ''A right is vested when its enjoyment, present or prospective, has become the property of a particular person as a present interest.'' 11 Am. Jur., Constitutional Law, § 370, says:

''Rights are said to be vested in contradistinction to their being contingent or expectant. A right is 'vested' when there is an ascertained person with a present right to present or future enjoyment; it is 'expectant' when it depends on the continuation of existing circumstances, . . .; and finally, is 'contingent' when it depends on the performance of some condition or the happening of some event before some other event or condition happens or is performed.''

Alimony in gross is a definite, fixed sum for, in lieu of, or in satisfaction of all or a portion of alimony in the usual form of a periodic allowance. *Dinet v. Eigenmann,* 80 Ill. 274; *Maginnis v. Maginnis,* 323 Ill. 113. Even though the payment of the sum awarded as alimony in gross is postponed and is to be made in instalments, the right to the whole award vests in the beneficiary on the entry of the decree. In *Dinet v. Eigenmann, supra,* the wife procured a divorce, and in August 1872, an award of alimony, $10,000 payable on or before July 1, 1873, and in addition thereto $2,000 per year during her life. She died in December 1872. The $10,000 had not been paid and her administrator sought to collect it. The court affirmed the power of the trial court ''to allow an amount in gross in satisfaction of all or a portion of alimony,'' and said:

''. . . when the amount was ascertained and fixed, the right to the money became vested and as fully fixed

as had the money been paid or the husband had given his note for the amount. The husband could not resume it, nor did he become entitled to it on her death. It was absolutely the wife's, and went to her representatives precisely as would any other money decree against any other person. It, then, follows that her executor or administrator had the right to proceed and collect it in the same manner that any other decree could be enforced after the death of the person in whose favor it was rendered."

In *McKey v. Willett*, 248 Ill. App. 602, the defendant had been awarded, in the divorce proceeding brought by her, a gross sum settlement of $15,500, payable $500 on the entry of the decree, $7,000 within ten days thereafter, and the remaining $8,000 in four annual instalments of $2,000 each. The litigation involved the right to the three unpaid instalments. The court said: " . . . we think that the right or title to said sums, as well as the other sums making up said aggregate sum of $15,500, vested in Mrs. Willett immediately upon the entry of said decree of June 13, 1924. (*Dinet v. Eigenmann*, 80 Ill. 274, 279; *Leutzinger v. McNeely*, 216 Mo. App. 699, 704; *Smith v. Rogers*, [215 Ala. 581] supra.)" To the same effect are *Bassett v. Waters*, 103 Kan. 853; *Jones v. Jones*, 216 Ky. 810; *Beard v. Beard*, 57 Neb. 754; *In re Fiorio*, 128 F. 2d 562. Alimony in gross is not subject to modification. *Plaster v. Plaster*, 47 Ill. 290; *Adler v. Adler, supra; Shaw v. Shaw*, 59 Ill. App. 268; *Griswold v. Griswold*, 111 Ill. App. 269; *Plotke v. Plotke*, 177 Ill. App. 344; *Martin v. Martin*, 195 Ill. App. 32; *Recklein v. Recklein*, 327 Ill. App. 641.

The statute applies where the provision for alimony takes the form of a periodic allowance. (*Maginnis v. Maginnis, supra*), but only as to payments maturing in the future. *Adler v. Adler, supra.* In that case, as will be hereafter shown, the award was in the form of a

quarter-yearly allowance during the life of the defendant (respondent) and not a settlement in gross. In holding that future payments were voided by the marriage of defendant, the court said:

"Her rights became fixed as to accrued payments, but as to all payments maturing in the future she had no vested right. The trial court did not undertake to give the statute a retroactive effect. . . . The amendment of 1933 to section 18 of the Divorce Act does not effect any vested rights of respondent."

The difference between alimony in the usual form of a periodic allowance and alimony in gross is clear. In the latter there is a single award or allowance of an ascertained, fixed sum, payable absolutely and not conditionally or contingently, in a single payment or in instalments, and therefore a vested right in the beneficiary from the entry of the decree. In a periodic allowance of alimony each allowance for a period is separate and distinct from all others, is a mere expectancy which cannot vest until the day of payment, and then only in the event the beneficiary is living. *Craig v. Craig, supra.* Such an allowance is not a basis of a settlement or award of alimony in gross. In *Adler v. Adler, supra,* the husband and wife entered into agreements December 30, 1920, creating a trust and providing for quarter-yearly payments to the wife of $1,350 during her life. November 29, 1922, the husband procured a divorce on the ground of desertion. The question of alimony was reserved for future consideration. December 1, 1922, the parties entered into two supplemental agreements providing for additional quarter-yearly payments to the wife of $1,150 during her life. The latter agreements were incorporated into the decree entered December 2, 1922 and plaintiff directed to make the payments and keep and perform all covenants and agreements on his part to be performed

581

in and by the terms of the agreements. The wife (hereafter called respondent as in the Supreme Court opinion) later married and the husband (petitioner) procured the cancellation of subsequent quarter-yearly payments of $1,150. Respondent appealed. The Supreme Court said (p. 363):

"The question presented is whether the provision in the supplemental instruments of December 1, 1922, and the decree of December 2 for the quarterly payment of $1150, was an allowance of alimony and subject to modification under section 18 of the Divorce act, or was it a final settlement in gross, of all the interest of the parties arising out of the marital relation, and, therefore, beyond the power of the court to modify or change."

The court held that when the supplemental agreements were executed respondent's interest in petitioner's property, both present and inchoate, had been terminated, except as to the right of alimony, which had been reserved; that provisions of the supplemental agreements evidenced an intent and understanding of the parties that they were contracting solely as to respondent's alimony; that the quarterly payments therein authorized were in consideration of respondent's relinquishment of alimony (reference to other rights which had been previously terminated being immaterial). In denying respondent's claim that this was a settlement in gross and therefore not subject to modification, the court said:

"The answer is that the number of quarterly payments petitioner would be required to make was uncertain for it was dependent upon the date of death of respondent, and not upon their total reaching a predetermined sum."

The decree before us meets all the tests of a settlement and award of alimony in gross. The amount to be

paid is fixed and certain. The obligation to pay is absolute and not conditional or contingent. The payment is ''as a lump sum property settlement and alimony in gross in full of her right, title and interest of every kind, nature, character and description in and to the property, income or estate which the husband now owns or may hereafter acquire.'' Furthermore, the decree expressly ''barred, terminated, ended and released'' all right, title, claim and interest of each in and to the property of the other, except as to the rights granted to each by the terms of the supplemental agreement. Plaintiff's right to the award and each instalment thereof vested on the entry of the decree. The court could not take that right away from her.

*Banck v. Banck, supra,* and *Hotzfield v. Hotzfield,* 336 Ill. App. 238, are in conflict with the conclusion reached herein. The latter case is based on the former, and only the *Banck* case need be considered. The decree in that case, entered on defendant's counterclaim, provided a property and alimony settlement between the parties and awarded her, among other things, $4,500 as gross alimony, to be paid $500 upon the entry of the decree and the balance in monthly instalments of $100 each. This decree is substantially the same, in legal effect, as the decree before us and therefore governed by the same rules of law. Defendant married before all the monthly instalments became due and the trial court released plaintiff from the payment of instalments maturing after the marriage. On appeal by defendant the majority of the reviewing court affirmed the action of the trial court and held (p. 384) that the right of defendant to payments due and accruing prior to the date of the marriage became a vested right and could not be changed or modified by the court, but that future accruing payments which became due and payable subsequent to the date of her marriage were controlled by the specific provisions of section 18 of the

Divorce act as amended. By this holding a lump sum property settlement and alimony in gross is converted into alimony in the form of a periodic allowance because it is payable in instalments. In only three of the cases cited in the majority opinion (*Welty v. Welty,* 195 Ill. 335, *Bobowski v. Bobowski,* 242 Ill. 524, *De La Cour v. De La Cour,* 363 Ill. 545) was the award unquestionably an allowance of alimony in gross. In two of them the award was payable in instalments. In none of them did any party ask to have the alimony orders modified, or put in issue the authority of the court to change the order for alimony. The issues involved were the power of the court to award alimony in gross; to enforce alimony provisions after the expiration of the term in which the decree was entered; and the constitutional provisions of due process of law arising from the entry of the order finding the defendant had complied with the decree as to payment of alimony and enjoining plaintiff from interfering with his personal liberty, etc., on service by mail of a notice of application for the order. Neither case is authority for the right of a court to modify a decree for alimony in gross payable in instalments, for, as held in *In re Estate of Tilliski,* 390 Ill. 273, ". . . a judicial opinion, like a judgment, must be read as applicable only to the facts involved, and is authority only for what is actually decided." In *Thompson v. Mentzer,* 216 Ill. App. 470, and *Miller v. Miller,* 317 Ill. App. 447, cited in the majority opinion, the character of the awards was in issue. The opinions in these cases were written by the same justice. The decision in the latter case was based solely on the first, the court saying, only, "We think it clear that this was not alimony awarded for a gross sum," and citing the prior decision. In the *Thompson* case the alimony, awarded by consent of the parties, was "$5,000 cash, and $30 per month beginning on the 1st day of May, 1916, and the first of each month there-

584

after during the life of Joseph Arnold, father of complainant, and until the minor son should arrive at the age of 21 years.'' In affirming the order discontinuing monthly payments after the marriage of complainant, the court, without citing authorities or stating reasons, said: ''We think it clear that since the decree provided for monthly payments it cannot be said that the alimony was for a gross sum.'' On the entry of the decree the right to the monthly payments was merely an expectancy which could not vest until the day of the respective payments, and the number of payments or total amount to be paid was uncertain because dependent on the continued lives of Joseph Arnold and the minor son of the parties. In legal effect this award is identical with that in *Adler v. Adler, supra,* where pursuant to the agreement of the parties the wife was awarded quarter-yearly payments during her life. Denial of her claim that the settlement was in gross and therefore not subject to modification, was not based on the fact that the alimony was payable periodically, as in the *Thompson* case, but because, as held by the court (p. 371), ''. . . the number of quarterly payments petitioner would be required to make was uncertain for it was dependent upon the date of death of respondent, and not upon their total reaching a predetermined sum.'' All the remaining cases cited are divorce cases in which the awards were in the form of periodic allowances, or separate maintenance actions, in which an award of alimony or support in gross is not authorized. *Raab v. Raab,* 150 Ill. App. 554. The law of the *Banck* case and of this case is stated in the dissenting opinion in the *Banck* case. The holding therein that alimony in gross payable in instalments is not subject to modification in Illinois is also in accord with the general rule. 17 Am. Jur., Divorce and Separation, § 646.

Pending this appeal section 18 of the Divorce Act was amended so that ''regardless of remarriage by

such party or death of either party such party shall be entitled to receive the unpaid instalments of any settlement in lieu of alimony ordered to be paid or conveyed in the decree.'' This amendment expressly exempted from the operation of the statute unpaid instalments of lump sum settlements in full of property rights and alimony in gross, such as the settlement before us. Respondent contends that the decision of this court is controlled by the law as amended.

Divorce is a special statutory proceeding and the jurisdiction of courts of equity to hear and determine divorce cases and all matters relating thereto depends upon the grant of the statute and not upon the general equity powers of the court. *Smith v. Smith*, 334 Ill. 370. Alimony does not arise from any business transaction. It is not founded on contract but on the natural and legal duty of the husband to support the wife. *Herrick v. Herrick*, 319 Ill. 146. It is an allowance in a decree of divorce carved out of the estate of the husband for the support of the wife. *Adler v. Adler, supra.* The fact that an agreement between the parties for the support and maintenance of the wife is incorporated in the decree by consent of the parties, adds nothing to the force of the decree, for after the entry of the decree the rights of the parties rest upon it and not upon the contract. *Herrick v. Herrick, supra; Adler v. Adler, supra.* A decree for divorce is like a final decree in any other case, and after 30 days its provisions relating to alimony cannot be changed except in so far as section 18 authorizes the court to alter a decree to meet new conditions. *Herrick v. Herrick, supra; Kelley v. Kelley*, 317 Ill. 104. Defendant's right to relief, therefore, rests entirely on the power given in section 18 to modify alimony decrees. This is in the nature of a special power. *Smith v. Smith, supra.* It is a special remedy. *People v. Clark*, 283 Ill. 221, 224; *People v. Lindheimer*, 371 Ill. 367.

The latter case is directly in point and controlling. Basing their claim on section 268b of the Revenue Act of 1934, two taxpayers filed petitions for mandamus, one to compel a credit, the other a refund of excess taxes paid. During the pendency of the action section 268b was repealed. The writs were awarded. Respondents appealed and the cases were consolidated. Appellants claimed that appellees had no vested right under section 268b and that its repeal left them without a remedy, and that section 4 of the act relating to statutes was not applicable. Appellees contended that the repeal of the statute was not retroactive and therefore their rights under section 268b were saved by section 4 of the act relating to statutes. The Supreme Court reversed the judgments with directions that each petition be dismissed. It said (pages 271, 272):

''The obligation of the citizen to pay taxes is purely a statutory creation. . . . So, also, any right to a refund or a credit of taxes is purely of statutory origin, and in the absence of an authoritative statute, taxes voluntarily, though erroneously, paid, cannot be recovered, nor even voluntarily refunded by a county, although there may be justice in the claim. (*LeFevre v. County of Lee,* 353 Ill. 30.) Therefore, section 268b of the Revenue act is the exclusive source upon which any claim of a right by appellees to a refund or a credit must necessarily be based. When the legislature enacted section 268b it presumably knew our holding in the *LeFevre case,* and prior decisions, that taxes voluntarily paid could not be recovered, and intended it as a remedial measure. Since such right or remedy applied only to one particular subject it must be held to be a special remedy. (*People v. Clark,* 283 Ill. 221.)''

And, (pages 373, 374):

''That the legislature cannot pass a retrospective law impairing the obligation of a contract, nor deprive a citizen of a vested right, is a principle of general

■■■■■■■

■■■■■■■

jurisprudence, but a right, to be within its protection, must be a vested right. It must be something more than a mere expectation based upon an anticipated continuance of the existing law. . . . A retrospective statute affecting vested rights is very generally considered in this country as founded on unconstitutional principles and consequently inoperative and void; but this doctrine is not understood to apply to remedial statutes of a retrospective nature not impairing contracts or disturbing absolute vested rights. (*People v. Clark, supra; Fairfield v. People,* 94 Ill. 244.) The legislature has the undoubted right to repeal all legislative acts which are not in the nature of a private grant. (citing cases.) The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered. (citing cases.)''

In respect to section 4 the court said (p. 376):

''The holdings that such a repeal wipes out all remedies under the prior statute and leaves the parties where the repeal finds them (*People v. Clark, supra,* and other authorities above cited), necessarily makes the repealing act retrospective. The intent of the legislature that it should be so is manifest from the nature of the absolute repeal. . . . . . . section 4 of the act relating to statutes is not applicable.''

Later cases to the same effect are *Peoples Store of Roseland v. McKibbin,* 379 Ill. 148; *Hire v. Hrudicka,* 379 Ill. 201; *McQueen v. Connor,* 385 Ill. 455; *Weil-McLain Co. v. Collins,* 395 Ill. 503; *Fallon v. Illinois Commerce Commission,* 402 Ill. 516.

588

The fact that in the present case the statute was amended and not expressly repealed is immaterial. 50 Am. Jur., Statutes, § 552, says, "The amendment of an act, of course, operates as a repeal of provisions of the amended act which are changed by and repugnant to the amendatory act." In *Wall v. Chesapeake & O. R. Co.*, 290 Ill. 227, a judgment for $10,000 for the death of Edward Wall by wrongful act of defendant in Ohio was reversed because pending the action the Injuries Act, under which the suit was brought, was amended to declare that "no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State." The court held that the Injuries Act conferred jurisdiction upon the courts in cases resulting in death by wrongful act which they did not have before it was given them by the legislature; that plaintiff had no vested right in the statute of 1853, and the legislature could have, had it seen fit, entirely repealed this statute and thereby swept away the entire remedy provided by it; that there is no vested right in a public law which is not in the nature of a private grant. The court said (p. 233):

"The proviso of 1903 added to our Injuries act had the same effect as the repeal of a statute. In other words, the Injuries act before this proviso was broad enough to confer jurisdiction on our courts in any action for the recovery of damages for death by wrongful act, and by comity this jurisdiction was extended to those cases where death by wrongful act occurred outside of our State and a right of action existed under the laws of the State where the death occurred. Our courts then provided the remedy. This proviso took away that remedy in 1903 and it no longer exists in this State. (*Crane v. Chicago and Western Indiana Railroad Co.*, 233 Ill. 259.) The effect is the same as if the remedy never existed in this State except for the purpose of those suits which have reached a final judgment."

589

In *People v. Clark, supra,* petitioners brought suit for a writ of mandamus to compel the narrowing of a highway, basing their right on a statute which the Supreme Court had interpreted as making it mandatory on the commissioners of highways to narrow the road on petition of a majority of the property owners. Pending the action the statute was amended by adding the words, ''in their discretion,'' so that the duty of the commissioners became discretionary instead of mandatory. The Supreme Court held that ''at common law there was no statute or provision of the law under which an existing public highway might be narrowed''; that plaintiffs' rights depended wholly upon the legislative authority, and that the remedy given ''must be held special under the statute, for it applied only to one particular subject, viz., the reducing of the width of an existing public highway''; that the rights of plaintiffs did not become fixed or vested by the filing of their petition for mandamus, and that the trial court correctly decided the case on the statute as amended.

Section 18 is a remedial statute. The right granted to modify alimony decrees and the mandatory duty under the section as it existed when the decree was entered to cancel payments on the remarriage of the recipient, are special remedies under which petitioner could acquire no vested rights. The amendment providing that unpaid instalments ''of any settlement in lieu of alimony,'' was intended to clear up any uncertainty there might be as to the application of section 18 to lump sum property settlements, or awards of alimony in gross payable in instalments, and must be construed liberally to effect the intent of the legislature. It was a special remedy. Neither plaintiff nor defendant could acquire any vested right under section 18 until final judgment was entered. This court must determine the rights of the parties under the law as it exists at the time of our decision, even though the de-

590

cision of the trial court was correct when entered. *Wall v. Chesapeake & O. R. Co., supra.* For this additional reason the order must be reversed.

MR. JUSTICE FEINBERG dissents: Admittedly, the reasoning and conclusion reached in the majority opinion are in direct conflict with *Banck v. Banck,* 322 Ill. App. 369, and *Hotzfield v. Hotzfield,* 336 Ill. App. 238, decided by this court (Second Division), and, as will be presently pointed out, are in conflict with the holdings in other cases. The contract of settlement embodied in the decree and made a part thereof does not reveal any specific property, real or personal, involved in the settlement, except, in general terms, each party was to retain the household furniture and furnishings in his or her possession. This decree is typical of many decrees in which reference is made to property settlements and alimony in gross, where, in reality, it is merely an amount agreed upon as alimony for support and maintenance, payable in instalments. There is nothing in this decree, by any recital, that would indicate there was any specific property involved in such settlement. To label a provision in the decree a property settlement and alimony in gross gives it no added force or effect, where the real purpose is to provide limited support and maintenance.

In *Welty v. Welty,* 195 Ill. 335, the decree provided for the payment of $25 a month for a period of eight months, ''said sum to be in lieu of and in full for alimony and in full of all other claims of any kind or nature.'' Certainly, the language ''*in lieu of* and in full for alimony'' is much stronger that the language in the instant case, ''property settlement and alimony in gross,'' yet the Supreme Court held in construing the decree that it was a decree for alimony, could be enforced by contempt proceedings, and modified under section 18 of the Divorce Act as the circumstances would permit.

In *Banck v. Banck, supra,* where the decree also incorporated the written agreement of the parties and made it a part thereof, the agreement made specific provision for the transfer of real estate and the settlement of the rights of the parties in and to certain real estate, and also provided for the payment of $4,500 "as gross alimony," payable in part upon the entry of the decree and the balance in monthly instalments of $100 each. It was there clearly held that the portion of the decree referring to the gross alimony, payable in instalments, was a decree for alimony and subject to the power of the court to modify under section 18, and, as pointed out in that opinion, the statute makes no distinction in the power to modify between a decree for a lump sum payable in instalments and a decree for periodic payments. That case analyzes the supporting holdings in *De La Cour v. De La Cour,* 363 Ill. 545, *Maginnis v. Maginnis,* 323 Ill. 113, and other cases.

In *Hotzfield v. Hotzfield, supra,* the decree provided "the wife shall have in *lieu* of any alimony" a lump sum settlement of $1,080, payable at the rate of $15 per month, and for the conveyance of two lots in Indiana, and made provision for insurance to be maintained by the husband for the benefit of the wife and child. This court (Second Division), speaking through the learned JUSTICE SCANLAN, in a comprehensive review of the cases on the subject, held that the decree was one for alimony and could be modified.

In *Kohl v. Kohl,* 330 Ill. App. 284, this court did not disagree with the holding or reasoning in *Banck v. Banck, supra,* but distinguished it.

After the instant decree was entered, the amendment to section 18 of the Divorce Act went into effect, which provides that regardless of remarriage by such party, or death of either party, such party is entitled to receive the unpaid instalments of any settlement "in lieu of alimony ordered to be paid or conveyed in the decree." The suggestion in the specially concurring

opinion that this amendment should be given retroactive effect and made to apply to the instant decree is contrary to established holdings, in that it overlooks the clear distinction made in the authorities between a statutory provision which affects substantive rights and liabilities as distinguished from mere remedies or procedure. *Theodosis v. Keeshin Motor Exp. Co. Inc.*, 341 Ill. App. 8. In the cited case will be found an exhaustive review of the Illinois cases and cases from other jurisdictions on the subject. In *New York Life Ins. Co. v. Murphy*, 388 Ill. 316, at p. 324, it was also held:

"It has long been a canon of statutory construction that a legislative amendment is construed as prospective and not restrospective, in the absence of express language declaring it to be retrospective."

To give the amendment a retroactive construction would clearly violate the constitutional provision against impairment of the obligation of contracts. The instant decree with respect to the payment of the lump sum property settlement and alimony in gross is a consent decree, so admitted by the plaintiff in her brief, and without such admission must nevertheless be regarded as a consent decree.

In *Smith v. Smith*, 334 Ill. 370, at p. 378, it was held:

"The decree for support and maintenance was a consent decree, and as such must be regarded as a contract between the parties to the suit."

The majority and specially concurring opinions declare that the rights of the parties under this decree became vested, and were not subject to modification by the court.

In *Arnold & Murdock Co. v. Industrial Commission*, 314 Ill. 251, at p. 255, it was held:

"A statute can only be given a retroactive effect where it does not impair contracts or divest vested rights."

Treating this consent decree, as we must, as a contract between the parties, the holding in *Illinois Bankers Life Ass'n v. Collins,* 341 Ill. 548, at p. 552, is squarely applicable. It was there said:

"A basic rule of the construction of contracts and a material part of every contract is that all laws in existence when the contract is made necessarily enter into and form a part of it as fully as if they were expressly referred to or incorporated into its terms. This principle embraces alike those which affect its validity, construction, discharge and enforcement. . . . Contracts are presumed to have been entered into in the light of existing principles of law."

We followed the doctrine announced, in *Cook-Master, Inc. v. Nicro Steel Products, Inc.,* 339 Ill. App. 519, 532.

Under the holdings in the cases cited, section 18 of the Divorce Act, as it read at the time of the entry of the instant decree and not as afterward amended, is applicable, and no retroactive effect can be given to the amendment.

The order appealed from should be affirmed.