## Sally Kohler, Plaintiff-Appellant, v. Fred Kohler, Defendant-Appellee.

### Gen. No. 48,197.

First District, Second Division.
April 18, 1961.
Rehearing denied June 30, 1961.

Seymour Velk and Sherwin J. Malkin, of Chicago, for appellant.

William E. Pollack and Myer H. Gladstone, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This action was brought on petition of defendant to seek a modification of a divorce decree, previously entered in the divorce suit brought by plaintiff against defendant, by reducing the amounts of the payments which defendant was required to make to plaintiff

and thereby extending the payments over a longer period of time. Plaintiff challenges the jurisdiction of the court to modify the decree, on the theory that the payments did not constitute alimony but a property settlement, or, in the alternative, alimony in gross. Defendant contends that the payments constituted alimony, and was therefore subject to modification.

Both parties rely on the case of Walters v. Walters, 341 Ill App 561, 94 NE2d 726, aff'd 409 Ill 298, 99 N.E.2d 342, in support of their contentions. The Appellate Court there defined the terms under controversy; alimony was defined as "an allowance in a decree of divorce carved out of the estate of the husband for the support of the wife." . . . "It is for an indefinite period of time and usually for an indefinite total sum. It is based on the husband's income and the needs of the wife determined from the standpoint of the manner in which they have been accustomed to live. It is modifiable after decree when the wife's needs increase or decrease, or when the husband's ability to pay increases or decreases. It usually terminates upon the death of the husband, although by agreement payments may be made a charge upon the husband's estate after they become due. They are never a charge on a husband's estate in advance of the due date because they are not, prior to that time, vested. Payments of alimony from husband to wife are not based on any consideration moving from wife to husband, but are based upon the common-law duty of the husband to support his wife. 'Alimony' in this sense of the word, is modifiable."

"On the other hand, the phrase, 'alimony in gross' or 'gross alimony' is always for a definite amount of money; the payment is always for a definite length of time; it is always a charge upon the husband's estate and has uniformly been held by our courts to be not modifiable." 341 Ill. App. 561, 567–8.

The court went on to say that the fact that the award may be payable in installments is not determinative of the question as to whether it is gross alimony or periodic alimony. "Gross alimony may be payable in installments—whether all cash or all or partly on credit does not affect the essential nature of the transaction. The principle involved is that gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect." 341 Ill. App. 561, 571.

The court noted that it was not the label placed by the decree upon payments which constitutes them either alimony or lump sum property settlements; "it is the elements inherent in the case as a whole, the record of which the decree is a part, which determine to what category such payments belong." ibid., p. 574.

The court concluded in that case that the parties intended to effectuate a final property settlement on the basis of the standards previously outlined.

In the instant case, the divorce decree recites that the parties hereto have entered into a written Stipulation "settling their property and other rights," and that the court finds the terms of said Stipulation to be fair and equitable and approves them and orders that they be incorporated in this Decree.

In the Stipulation the plaintiff was awarded "$169,-080 in full settlement of all claims for alimony, past, present and future, said sum to be paid semi-monthly in advance, beginning with the entry of this Decree, on the basis of $12,840 per year for a period of 8 years in semi-monthly installments of $535.00 each, and the remainder at the rate of $9,480 for 7 years in semi-monthly installments of $395.00 each; that said payments shall be made to plaintiff irrespective of her remarriage, employment or income, and that the obligation for said payments shall be binding upon de-

153

fendant, his heirs, executors or assigns, and shall be payable to plaintiff, her heirs, executors or assigns."

It should be noted that the award is for a definite amount of money; that the payments are to be made within a definite period of time; and that the award is specifically stated to be binding upon the husband's estate.

The uncontradicted testimony of the plaintiff was that "the settlement figure of $169,080 specified in the divorce decree represents 50% of the total assets that Fred Kohler and I had at that time; it was a property settlement based on one-half the property owned by Fred Kohler and myself."

The plaintiff's interpretation of the agreement is also substantiated by other elements of the Stipulation. The defendant is awarded the residence, tavern property and 26 vacant lots known as the Round Lake Area in Lake County, Illinois, and the realty at 2549 Camino Principal, Tucson, Arizona; plaintiff is awarded the realty at 740 Windsor Road, Glenview, Illinois, subject to existing mortgage of $17,000, which the plaintiff is to assume. In the event that the plaintiff sells or does not occupy the realty at 740 Windsor Road, Glenview, Illinois, any time prior to 15 years from the entry of the Decree, defendant shall be entitled to a reduction by the amount of $1,075 per year on his lump sum alimony settlement payments thereafter.

Plaintiff is awarded the custody of the two children and the defendant is to pay plaintiff $25.00 per week for each child; the support payments being based on the represented net taxable income of defendant in the amount of $61,000 per year.

The agreement also provides for the defendant to deposit with an escrowee $70,000 in insurance, a $100,-000 mortgage on the Round Lake Realty, and 39 shares of stock in the Fred Kohler Enterprises as security

for the entire lump sum settlement and his obligations of child support, the amounts to abate on a prorating scale from year to year in the amount of the payments actually made by the defendant to the plaintiff. Plaintiff stresses the fact that such elaborate security provisions are highly unusual in the ordinary alimony agreement and adds further support to her contention that the agreement in question was a property settlement arrangement.

The defendant's argument is also based on the premise that an award of alimony in gross is not modifiable. However, he proceeds on the assumption that if the amount of the award is at all contingent, it does not come within the category of alimony in gross and is therefore modifiable. The defendant then points out that the amount of the award is contingent since this amount could be reduced by $1,075 per year if the plaintiff sells or does not occupy the realty at 740 Windsor Road, Glenview, Illinois, any time prior to 15 years from the entry of the Decree.

However, it appears from a reading of the agreement as a whole that the defendant has placed an unwarranted emphasis on this particular provision. In order to make it more comprehensible, it must be constructed in the context of the earlier provision, which indicates that the property is subject to a $17,000 mortgage. The plaintiff agrees to assume this mortgage and to indemnify and save defendant harmless from any and all obligations thereon. If the plaintiff should decide to sell the property prior to 15 years from the date of the entry of the Decree, then the total award would be reduced by $1,075 per year thereafter. It is much more plausible to suppose that this provision was intended as added protection for the defendant and was inserted in the agreement to protect him from any possible liability on the mortgage.

This does not make the total award "contingent" in the sense of being related to the defendant's earning capacity and the needs of the plaintiff. Even if we were to construe this provision apart from the entire agreement, it is not by itself an indicium of an alimony arrangement but more likely was intended as one facet of the property settlement. And it is clear from "the elements inherent in the case as a whole" (Walters v. Walters, 341 Ill. App. 561, 574, 94 N.E.2d 726) that the parties intended the agreement as a property settlement and that consequently it was not subject to modification.

Having decided that the court was without jurisdiction to modify the decree, it is not necessary to determine whether the defendant sustained his burden of proving a substantial change in his income to warrant a modification.

The defendant concedes that the trial court erred in denying the plaintiff attorneys' fees and court costs in connection with her defense against the defendant's petition for the reduction.

That part of the order, entered on May 6, 1960, in the Circuit Court of Cook County, which orders and provides as follows:

> "That the decree heretofore entered on September 7, 1954, and modified temporarily on April 7, 1960, be modified in that the Petitioner, Fred Kohler, pay the Respondent, Sally Lamonica, commencing as of April 7, 1960, the sum of Seven Hundred Forty-Five Dollars ($745.00) per month in semi-monthly payments of Three Hundred Seventy-Two Dollars and Fifty Cents ($372.50)."

and the order denying the motion of the plaintiff that the defendant be ordered to pay the attorney's fees and costs of suit are reversed and the cause is remanded for a hearing to fix the amount of those at-

torney's fees and costs of suit to be taxed against the defendant.

Judgment is reversed and the cause is remanded.

Judgment reversed and cause remanded.

BURKE, P. J. and FRIEND, J., concur.